THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* ALBERT RATLIFF, Defendant-Appellant.

First District (4th Division) No. 61360

Opinion filed December 10, 1975.

James J. Doherty, Public Defender, of Chicago (Judith A. Stewart, Assistant Public Defender, of counsel), for appellant.

Bernard Carey, State's Attorney, of Chicago (Laurence J. Bolon and Michael E. Shabat, Assistant State's Attorneys, of counsel), for the People.

Mr. PRESIDING JUSTICE DIERINGER delivered the opinion of the court:

Defendant, Albert Ratliff, appeals from a bench trial conviction of violation of bail bond (Ill. Rev. Stat. 1973, ch. 38, § 32—10). As a result of such conviction, defendant was sentenced to two years' probation, with the first 30 days to be spent in the House of Correction.

The issues presented for review are: (1) whether a conviction of violation of bail bond may stand when no proof was offered showing that notice of the forfeiture order was mailed to the defendant; and (2) whether the defendant was proven guilty beyond a reasonable doubt of willfully failing to appear when required.

Defendant was originally charged with theft and admitted to bail on the charge. He was scheduled in court on July 24, 1974, in relation to that charge, but failed to appear. An order was entered forfeiting his bond and a warrant was issued for his arrest. The defendant failed to appear within 30 days of that date, and on August 26, 1974, the court entered judgment on the bond forfeiture. There was no testimony that notice of forfeiture was mailed to defendant or whether the arrest warrant was served.

The defendant knew he was to appear in court on July 24, 1974, but could not appear since he was incarcerated in the House of Correction. Prior to that date, while in the House of Correction, the defendant contacted Legal Aid services in the institution concerning his July 24 court date. A woman attorney from Legal Aid told him he need not appear, and she would notify the court regarding a new court date. Defendant was released from jail on July 28, but was incarcerated anew on August 6, 1974. The 30-day period following forfeiture expired on August 26, 1974, while defendant was still incarcerated.

Defendant argues a conviction of violation of bail bond may not stand when no proof exists that notice of the forfeiture order was mailed to defendant.

The section of the Illinois Code of Criminal Procedure which provides for forfeiture of bail upon noncompliance with the conditions of the bail bond also requires that notice of the order of forfeiture be mailed by the court to the accused:

> "If the accused does not comply with the conditions of the bail bond the court having jurisdiction shall enter an order declaring the bail to be forfeited. Notice of such order of forfeiture shall be

mailed forthwith by the court to the accused at his last known address. * * *" Ill. Rev. Stat. 1973, ch. 38, § 110—7(g).

The section of the Illinois Criminal Code which creates the substantive offense of violation of bail bond specifically provides that failure to surrender after forfeiture be willful:

"Whoever, having been admitted to bail for appearance before any court of record of this State, incurs a forfeiture of the bail and willfully fails to surrender himself within 30 days following the date of such forfeiture, * * * if the bail was given in connection with a charge of committing a misdemeanor, * * * commits a Class A misdemeanor." Ill. Rev. Stat. 1973, ch. 38, § 32—10.

■■ To sustain a conviction for willful violation of bail bond it is not enough for the State to establish that defendant incurred a forfeiture of bail and failed to surrender himself within 30 days. The element of willfulness requires something more be established.

We hold before a conviction of violation of bail bond may stand, the State bears the burden of establishing that notice of the order of bond forfeiture was mailed by the court to the accused at his last known address.

Defendant further claims on appeal he was not proven guilty beyond a reasonable doubt of willfully failing to appear when required.

The facts presented by the parties stand as uncontradicted and, briefly, are as follows. The State showed: (1) the defendant was charged with a crime; (2) he was relased on bail bond; (3) he failed to appear on the scheduled court date; (4) a forfeiture order was entered; (5) 30 days elapsed; and (6) judgment on the forfeiture was entered. The defendant showed: (1) defendant was in jail on the forfeiture date; (2) no notice of forfeiture was sent to defendant as required by statute; (3) defendant was misinformed by Legal Aid as to his necessity to appear; (4) no warrant was served; and (5) defendant was in jail on the judgment date.

■■ It is the duty of the reviewing court to set aside a conviction where the evidence is so unsatisfactory as to raise a reasonable doubt of a defendant's guilt. (People v. Reese (1966), 34 Ill.2d 77, 213 N.E.2d 526.) In our opinion the totality of circumstances here leaves a reasonable doubt as to whether defendant willfully violated bail bond, and the conviction cannot stand.

For the foregoing reasons, the judgment of the Circuit Court of Cook County is reversed.

Reversed.

BURMAN and JOHNSON, JJ., concur.