(No. 48244.—

# THE PEOPLE OF THE STATE OF ILLINOIS, Appellant, v. ALBERT RATLIFF, Appellee.

*Opinion filed December 3, 1976.*

William J. Scott, Attorney General, of Springfield, and Bernard Carey, State's Attorney, of Chicago (James B. Zagel and Jayne A. Carr, Assistant Attorneys General, and Laurence J. Bolon, David A. Novoselsky, John Feely, Mary Ellen Dienes, and Timothy Quinn, Assistant State's Attorneys, of counsel), for the People.

James J. Doherty, Public Defender, of Chicago (Judith A. Stewart, John Thomas Moran, and Ronald P. Alwin, Assistant Public Defenders, of counsel), for appellee.

MR. JUSTICE CREBS delivered the opinion of the court:

The defendant was convicted in the circuit court of Cook County of the offense of violation of bail bond (Ill. Rev. Stat. 1973, ch. 38, par. 32—10). The Appellate Court for the First District reversed the conviction (*People v. Ratliff,* 35 Ill. App. 3d 19), and this court has granted the State's petition for leave to appeal.

The defendant was originally charged with the offense of theft and released on bail. After several court appearances and continuances, the case was set for trial on July 24, 1974. When the defendant failed to appear in court on that date, the court ordered that the defendant's bond be forfeited and that a warrant be issued for the defendant's arrest. On August 26, 1974, the court entered judgment on the bond forfeiture pursuant to section 110—7(g) of the Code of Criminal Procedure of 1963 (Ill. Rev. Stat. 1973, ch. 38, par. 110—7(g)).

The defendant was subsequently charged by information with the offense of violation of bail bond. After waiving his right to a trial by jury, the defendant was convicted in a bench trial on December 16, 1974. The sole witness to testify for the State was Dennis Karns, an employee of the clerk of the circuit court of Cook County. Karns identified People's exhibit No. 1 as a page of the court record in case No. H 166749, the case in which the

defendant was charged with theft. People's exhibit No. 1 included the order of July 24, 1974, forfeiting the defendant's bond and ordering the issuance of a warrant for the defendant's arrest. The exhibit also contained the order of August 26, 1974, entering judgment in favor of the State on the defendant's bond forfeiture. The trial court admitted People's exhibit No. 1 into evidence and noted that it could also take judicial notice of the court's orders in case No. H 166749.

The first witness called by the defense was Albert Ratliff, Sr., the defendant's father. When asked whether he knew where his son was on July 24, 1974, the witness stated that the defendant was incarcerated at the Cook County House of Correction. He testified that his wife, the defendant's mother, had visited the defendant there in July. Ratliff further testified that he visited with the defendant in jail in early August 1974. The witness also visited the defendant on two other occasions in August 1974, with about two weeks separating each visit. Ratliff also stated that his son was still incarcerated during the months of September and October 1974. He identified a letter in the defendant's handwriting which was addressed to the witness and postmarked October 30, 1974. The return address on the letter was the address of the Cook County House of Correction. Ratliff testified that he visited his son in jail on still another occasion after receiving the letter.

The defendant testified that he was incarcerated in the Cook County House of Correction from June 1, 1974, to approximately July 28, 1974. He further testified that he was again incarcerated in the same facility beginning on August 6, 1974. The defendant stated that he had told an attorney from the legal aid office that he was supposed to be in court on July 24, 1974. That attorney purportedly told the defendant that she would have the case continued and that the defendant would not have to go to court. The attorney did not return to tell the defendant the date of

his next court appearance, even though she had allegedly promised to do so.

No issue was raised by either party as to whether the defendant received notice of the trial court's order of bond forfeiture.

After hearing the above evidence, the trial court found the defendant guilty of the offense charged. The appellate court gave two reasons for its reversal. First, the appellate court held that a conviction of violation of bail bond cannot stand if the State offers no proof that notice of a bond forfeiture was mailed to the defendant. Second, the appellate court found that the defendant was not proved guilty beyond a reasonable doubt of "willfully" failing to appear in court when required to do so.

The first issue we consider is whether the State, in order to prove the offense of violation of bail bond, must establish that notice of a bond forfeiture had been mailed to the defendant informing the defendant that he must appear and surrender to the court within 30 days. The appellate court, implicitly holding that section 32—10 of the Criminal Code of 1961 and section 110—7(g) of the Code of Criminal Procedure of 1963 are *in pari materia,* determined that the State did have the burden to establish that such notice was sent. We disagree.

Section 32—10 of the Criminal Code of 1961 provides as follows:

> "Whoever, having been admitted to bail for appearance before any court of record of this State, incurs a forfeiture of the bail and willfully fails to surrender himself within 30 days following the date of such forfeiture, commits, if the bail was given in connection with a charge of felony or pending appeal or certiorari after conviction of any offense, a Class 4 felony; or, if the bail was given in connection with a charge of committing a misdemeanor, or for appearance as a witness, commits a Class A misdemeanor.
>
> Nothing in this section shall interfere with or prevent the exercise by any court of its power to punishment [*sic*] for contempt." Ill. Rev. Stat. 1973, ch. 38, par. 32—10.

Section 110–7(g) of the Code of Criminal Procedure of 1963 states in relevant part:

"If the accused does not comply with the conditions of the bail bond the court having jurisdiction shall enter an order declaring the bail to be forfeited. Notice of such order of forfeiture shall be mailed forthwith to the accused at his last known address. If the accused does not appear and surrender to the court having jurisdiction within 30 days from the date of the forfeiture or within such period satisfy the court that appearance and surrender by the accused is impossible and without his fault the court shall enter judgment for the State if the charge for which the bond was given was a felony or misdemeanor, or if the charge was quasi-criminal or traffic, judgment for the political subdivision of the State which prosecuted the case, against the accused for the amount of the bail and costs of the court proceedings." Ill. Rev. Stat. 1973, ch. 38, par. 110–7(g).

These statutory provisions are distinct and independent of each other. Section 32–10 defines the criminal offense of violation of bail bond and provides that violators are guilty of either a Class 4 felony or a Class A misdemeanor. To sustain a conviction under this statute, the State must establish that the defendant incurred a forfeiture of his bail and that the defendant willfully failed to surrender himself to the court within 30 days following the date of the forfeiture. There is no necessity for the State to prove that notice of the bail forfeiture was mailed to the defendant. Section 110–7(g) provides the means by which the State can acquire a money judgment against a defendant who violates the provisions of his bail bond by failing to appear in court. To acquire such a judgment, the State must establish that, after an order was entered declaring the defendant's bail to be forfeited, notice of the order was mailed to the defendant at his last known address. We see no reason to hold that the two statutory provisions are *in pari materia*.

The defendant maintains that section 32–10 of the

Criminal Code of 1961 is unconstitutional unless it is construed so as to include the notice requirement of section 110—7(g) of the Code of Criminal Procedure of 1963. He argues that, since the offense in question is one of nonfeasance, any conviction under the statute is violative of due process of law unless the defendant has received notice of the forfeiture proceedings. The defendant's argument ignores the fact that "willfullness" is an essential element of the crime of violation of bail bond. Our criminal code provides: "Conduct performed knowingly or with knowledge is performed wilfully, within the meaning of a statute using the latter term, unless the statute clearly requires another meaning." (Ill. Rev. Stat. 1973, ch. 38, par. 4—5.) The failure to prove that notice was sent does not preclude the State from proving that the defendant acted willfully. We therefore disagree with the holding of the appellate court that, to sustain a conviction of violation of bail bond, the State must establish that notice of the bond forfeiture was mailed to the defendant.

We agree with the appellate court, however, that the defendant was not proved guilty beyond a reasonable doubt. The State's evidence established that the defendant had been charged with a crime and released on bond, that the defendant's bond was forfeited when he failed to appear in court on July 24, 1974, and that the defendant failed to surrender himself within 30 days after that date. The testimony of the defendant and his father, however, tended to establish that the defendant's failure to appear was not "willful." The defendant's uncontradicted testimony is that he was incarcerated from July 24, 1974, to July 28, 1974. He was free only nine days, and he was again incarcerated on August 6, 1974. The defendant's testimony was substantially corroborated by the testimony of his father. If a person is incarcerated and unable to appear in court, his failure to appear cannot be deemed "willful" within the meaning of section 32—10.

In finding the defendant guilty of the offense of violation of bail bond, the trial judge stressed the fact that the defendant was not incarcerated from July 28, 1974, to August 6, 1974. The court evidently believed that the defendant's failure to surrender himself during those nine days constituted sufficient proof that he was guilty of the offense. We disagree. The fact that the defendant was free for nine days does not indicate he would not have surrendered himself to the court within 30 days of his bond forfeiture.

We find that the evidence is so unsatisfactory as to raise a reasonable doubt of the defendant's guilt, and the conviction cannot stand. The judgment of the appellate court is affirmed.

*Judgment affirmed.*