No. 49,310

STATE OF KANSAS, *Appellant,* v. JAMES RODGERS, *Appellee.*

(589 P.2d 981)

Opinion filed January 20, 1979.

*Michael D. Reed,* assistant district attorney, argued the cause, and *Curt T. Schneider,* attorney general, and *Dennis W. Moore,* district attorney, were with him on the brief for the appellant.

*Richard G. Rossman,* of Olathe, argued the cause for the appellee.

The opinion of the court was delivered by

FROMME, J.: This is an appeal by the State on questions reserved in a criminal case. The jury returned a verdict of guilty on a charge of aggravated failure to appear (K.S.A. 21-3814). The trial court on motion of the defendant set aside the verdict and entered a judgment of acquittal.

The statute defining the crime of aggravated failure to appear, K.S.A. 21-3814, provides:

"Aggravated failure to appear is willfully incurring a forfeiture of an appearance bond and failing to surrender oneself within thirty (30) days following the

date of such forfeiture by one who is charged with a felony and has been released on bond for appearance before any court of this state . . . ."

The court's judgment of acquittal in this case is based on its determination the evidence introduced by the State failed to establish that the failure to appear was willful. In this appeal the State seeks clarification of the requirements of K.S.A. 21-3814 as to willfulness. In addition the State seeks clarification of our holding in *State v. Gustin,* 212 Kan. 475, 510 P.2d 1290 (1973), where we said a judgment of acquittal, whether resulting from a jury verdict or ordered by the court, correctly or incorrectly arrived at, terminates the prosecution, and the double jeopardy clause of the fifth amendment bars further proceedings against the defendant for the same offense. The State contends it should be allowed to appeal the judgment of acquittal and if successful the jury verdict should be reinstated and the case remanded to the trial court for sentencing. This contention is based on *United States v. Wilson,* 420 U.S. 332, 43 L.Ed.2d 232, 95 S.Ct. 1013 (1975).

A similar contention was considered recently by this court in *State v. Crozier,* 225 Kan. 120, 587 P.2d 331 (1978). In *Crozier* we concluded our appeal statute K.S.A. 1977 Supp. 22-3602 is more restrictive on the right of the prosecution to appeal than the federal appeal statute, 18 U.S.C. § 3731, as amended in 1971. This conclusion was reached after considering *United States v. Scott,* 437 U.S. 82, 57 L.Ed.2d 65, 98 S.Ct. 2187 (1978); *Burks v. United States,* 437 U.S. 1, 57 L.Ed.2d 1, 98 S.Ct. 2141 (1978); *United States v. Martin Linen Supply Co.,* 430 U.S. 564, 51 L.Ed.2d 642, 97 S.Ct. 1349 (1977); and *United States v. Wilson,* 420 U.S. 332.

Appeals by the prosecution as a matter of right are limited by K.S.A. 1977 Supp. 22-3602(*b*) to cases where the appeal is (1) from an order dismissing a complaint, information or indictment; (2) from an order arresting judgment; or (3) upon a question reserved by the prosecution.

A judgment of acquittal on a motion filed under K.S.A. 22-3419 may be entered only when the evidence is insufficient to sustain a conviction of the crime charged. A judgment of acquittal is not one of the orders or matters designated as appealable by the prosecution in K.S.A. 1977 Supp. 22-3602(*b*). We adhere to *Gustin* and *Crozier* and hold the judgment of acquittal in this case was

not appealable. Further proceedings against the defendant for the same offense are barred.

However, an appeal by the prosecution may be taken on a question reserved. In *Crozier,* 225 Kan. at 123, it is stated that a question reserved by the State must be one which calls for an answer which will aid in the correct and uniform administration of the criminal law, and will not be entertained on appeal merely to demonstrate errors of a trial court. In *Crozier* it was further explained that no formal procedural steps are required to preserve such a question for appeal other than to make proper objections or exceptions at the time the order complained of is made. An appeal by the prosecution may be taken on a question reserved if an answer will aid in the correct and uniform administration of the criminal law.

This court has not previously had the occasion to examine the statute which defines aggravated failure to appear and to do so will aid in the correct and uniform administration of this law and be beneficial. Therefore we will proceed to consider this question reserved by the prosecution.

The statute first became effective July 1, 1970. The judicial council's notes following K.S.A. 21-3814 state:

"Bond jumping was not an offense under the former statutes of Kansas. However, such provisions are common among the laws of other states. Also, there is a current trend in the United States toward release on one's own recognizance.

"Thus, it seems appropriate to provide a sanction to secure the attendance of the accused who is released without surety. A specific exception is made for those persons who default upon cash bonds posted in traffic cases."

In the present case James Rodgers had given his own personal recognizance bond to appear on August 25, 1976, at 2:00 p.m. for his preliminary hearing on charges of burglary and grand theft pending in Johnson County, Kansas. Rodgers failed to appear, his personal recognizance bond was ordered forfeited and a warrant was issued for his arrest. He failed to surrender himself for well over thirty (30) days. On October 5, 1976, Rodgers was apprehended in Missouri and later extradited to Kansas. The present charge was filed on October 7. A trial was had and the jury returned a verdict, guilty of aggravated failure to appear. Defendant's motion for acquittal had been argued and taken under advisement. Sometime after the verdict was returned the trial court granted defendant's motion for judgment of acquittal.

In acquitting the defendant the trial court determined that the

evidence at the trial was insufficient to establish that defendant's failure to appear was willful. To arrive at this conclusion the court cited *People v. Ratliff,* 35 Ill. App. 3d 19, 341 N.E.2d 29 (1975), as persuasive authority.. Following the rationale of the Illinois Court of Appeals in *Ratliff* it held the State must first establish that the notice required by K.S.A. 1977 Supp. 22-2807 had been mailed to the accused at his last known address before a prima facie case of willfulness had been established.

We are of the opinion that the trial court was in error. K.S.A. 1977 Supp. 22-2807 (1) authorizes the court in which the bond is deposited to declare a forfeiture of the bail if there is a breach of a condition in the appearance bond. There is no requirement of notice before declaring a forfeiture. The court in which the bond is deposited can declare the forfeiture when there is a failure to appear at the appointed time. Paragraph (2) of the statute provides procedure for setting aside a forfeiture once it has been declared.

Paragraph (3) contains the provision for service of notice referred to by the trial court which in pertinent part reads:

"When a forfeiture has not been set aside, the court shall on motion enter a judgment of default and execution may issue thereon. . . . By entering into a bond the obligors submit to the jurisdiction of any court having power to enter judgment upon default and irrevocably appoint the clerk of that court as their agent upon whom any papers affecting their liability may be served. Their liability may be enforced on motion without the necessity of an independent action. The motion and notice thereof may be served on the clerk of the court, who shall forthwith mail copies to the obligors to their last known addresses. No default judgment shall be entered against the obligor in an appearance bond until more than ten (10) days after notice is served as provided herein." K.S.A. 1977 Supp. 22-2807 (3).

It is apparent the notice requirement in 22-2807 (3) relates to entry of a judgment against the obligors after the forfeiture. It does not relate to proof of the willfulness required in K.S.A. 21-3814. The reliance of the trial court on *Ratliff* reported in 35 Ill. App. 3d 19 was misplaced. That decision of the Illinois Court of Appeals was modified on review by the Supreme Court of Illinois. *People v. Ratliff,* 65 Ill. 2d 314, 2 Ill. Dec. 729, 357 N.E.2d 1172 (1976). The Supreme Court of Illinois, while affirming the judgment of the appellate court on other grounds, expressly rejected the appellate court's conclusion that the State is required to prove that notice of bond forfeiture has been mailed to defendant in order to support a conviction for failure to appear in violation of a bail bond.

The holding of the Supreme Court of Illinois in this regard is of interest in that K.S.A. 21-3814 was based, in part, on the Illinois statute. (See judicial council notes following this statute.) The Supreme Court of Illinois arrived at its decision in *Ratliff*, 65 Ill. 2d at 317-318 as follows:

"The first issue we consider is whether the State, in order to prove the offense of violation of bail bond, must establish that notice of a bond forfeiture had been mailed to the defendant informing the defendant that he must appear and surrender to the court within 30 days. The appellate court, implicitly holding that section 32-10 of the Criminal Code of 1961 and section 110-7(g) of the Code of Criminal Procedure of 1963 are *in pari materia*, determined that the State did have the burden to establish that such notice was sent. We disagree.

"Section 32-10 of the Criminal Code of 1961 provides as follows:

" 'Whoever, having been admitted to bail for appearance before any court of record of this State, incurs a forfeiture of the bail and willfully fails to surrender himself within 30 days following the date of such forfeiture, commits, if the bail was given in connection with a charge of felony or pending appeal or certiorari after conviction of any offense, a Class 4 felony; or, if the bail was given in connection with a charge of committing a misdemeanor, or for appearance as a witness, commits a Class A misdemeanor.' "

The Supreme Court of Illinois at this point in its opinion goes on to explain:

"Section 110-7(g) of the Code of Criminal Procedure of 1963 states in relevant part:

" 'If the accused does not comply with the conditions of the bail bond the court having jurisdiction shall enter an order declaring the bail to be forfeited. Notice of such order of forfeiture shall be mailed forthwith to the accused at his last known address. If the accused does not appear and surrender to the court having jurisdiction within 30 days from the date of the forfeiture or within such period satisfy the court that appearance and surrender by the accused is impossible and without his fault the court shall enter judgment for the State if the charge for which the bond was given was a felony or misdemeanor, or if the charge was quasi-criminal or traffic, judgment for the political subdivision of the State which prosecuted the case, against the accused for the amount of the bail and costs of the court proceedings.' Ill. Rev. Stat. 1973, ch. 38, par. 110-7(g).

"These statutory provisions are distinct and independent of each other. Section 32-10 defines the criminal offense of violation of bail bond and provides that violators are guilty of either a Class 4 felony or a Class A misdemeanor. To sustain a conviction under this statute, the State must establish that the defendant incurred a forfeiture of his bail and that the defendant willfully failed to surrender himself to the court within 30 days following the date of the forfeiture. There is no necessity for the State to prove that notice of the bail forfeiture was mailed to the defendant. Section 110-7(g) provides the means by which the State can acquire a money judgment against a defendant who violates the provisions of his bail bond

by failing to appear in court. To acquire such a judgment, the State must establish that, after an order was entered declaring the defendant's bail to be forfeited, notice of the order was mailed to the defendant at his last known address. We see no reason to hold that the two statutory provisions are *in pari materia.*"

K.S.A. 21-3814 is quite similar to section 32-10 of the Illinois Criminal Code. K.S.A. 1977 Supp. 22-2807 has the same purpose as section 110-7(g) of the Illinois Code of Criminal Procedure. We hold that K.S.A. 21-3814 and K.S.A. 1977 Supp. 22-2807 are distinct and independent of each other. The first defines the criminal offense of aggravated failure to appear. The second statute provides the procedure by which the state can acquire a money judgment against the obligors on a bail bond which has been forfeited. The reasoning of the Illinois Supreme Court is persuasive.

In a prosecution for aggravated failure to appear under K.S.A. 21-3814 the State is not required to notify the defendant of the forfeiture of the appearance bond as provided in K.S.A. 1977 Supp. 22-2807 in order to establish the element of willfulness in 21-3814. To establish willfulness it is sufficient if the State prove the defendant failed without just cause or excuse to surrender himself within thirty (30) days following the forfeiture of his appearance bond. When the State has introduced evidence that a defendant entered into a personal recognizance requiring his appearance in a court on a day certain, as in the present case, that he thereafter failed to appear, and that following the forfeiture of the appearance bond he failed to surrender himself within thirty (30) days thereafter a prima facie case of willfulness has been established by the State. The trial court erred in entering judgment of acquittal in this case.

The appeal of the State is sustained as to the sufficiency of proof of willfulness. The appeal of the State is denied in regard to its request to reinstate the jury verdict.