THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, *v.* TOM BRUCE, Defendant-Appellee.

Fifth District   No. 78-511

Opinion filed August 29, 1979.

Robert J. Hawkins, State's Attorney, of Fairfield (Raymond F. Buckley, Jr., and William S. Zale, both of State's Attorneys Appellate Service Commission, of counsel), for the People.

Theodore Van Winkle, of McLeansboro, for appellee.

Mr. JUSTICE KARNS delivered the opinion of the court:

This case is before us on the State's appeal from an order of the Circuit Court of Wayne County denying forfeiture of defendant's bail bond. Defendant was charged with aggravated battery and intimidation. Bail was set at $25,000 on each charge and defendant was released after posting 10 percent of the total amount. As conditions of his release, defendant was ordered, *inter alia*, to refrain from contacting or harassing his estranged wife and children, alleged conduct out of which the charges arose, to observe the law, and to reside in Ohio for employment purposes. On March 21, 1978, while the battery and intimidation charges were pending, the state's attorney applied for a warrant against defendant for breach of bond conditions, alleging that defendant had violated the conditions of his bond by attempting to break into his wife's home in Wayne County.

A bond revocation hearing was held on April 13, 1978. The court heard testimony from defendant's wife and two neighbors who were in

the house at the time defendant attempted to enter. The court determined that there was clear and convincing evidence of defendant's commission of a forcible felony while on bail and accordingly ordered the revocation of defendant's bond as authorized by section 110—6(e)(3) of the Code of Criminal Procedure (Ill. Rev. Stat. 1977, ch. 38, par. 110—6(e)(3)).

Subsequently, defendant pleaded guilty to the initial charge of aggravated battery and the charge of intimidation was dismissed. During the sentencing hearing on June 8, the assistant state's attorney addressed the subject of defendant's bail deposit:

"Mr. Robison [Assistant State's Attorney]: * * * The State would further ask that some type of order, which may be somewhat out of order, but an order be entered in connection with the bail deposit. In light of the fact that bond was violated, the State would ask that an order be entered for the $5,000 that was posted in, I think, 77—CF—35 and 36 and that if any court costs are assessed that these be taken out of the additional two thousand dollar bail money that was posted for the bail bond violation. * * *

Mr. Van Winkle [defense counsel]: * * * Now, on the order, we don't feel—I suppose what he's asking here, he's asking that the bail of five thousand dollars be forfeited, so forth, so on. What we would like to do on that is do a little research and submit a written brief on that particular portion. We aren't really prepared to argue that."

The court reserved its ruling on the forfeiture.

The court informed both parties by letter on July 13, 1978, that the State's forfeiture motion would be denied because "there was not a forfeiture declared nor was there any notice given as required by law to effectuate the taking of the bail on the forfeiture, as required by section 110—7(g)." (Ill. Rev. Stat. 1977, ch. 38, par. 110—7(g), renumbered 110—7(h) by Pub. Act. 80-1149, eff. July 1, 1978).) An order denying forfeiture was entered on July 19, 1978.

The State's motion to vacate the July 19 order was denied on September 14, 1978 on grounds that:

"1. The by the filing of an Application For Warrant For Breach of Conditions of Bail Bond on March 21, 1978, the State elected to ` seek remedies provided by Ill. Rev. Stat. ch. 38, §110—6(e).

2. That by an Order entered in the above-entitled cause on April 13, 1978, the Court revoked the Defendant's bond and ordered him to be held without bond pursuant to the provisions of Ill. Rev. Stat. ch. 38, §110—6(e).

3. That no request was made by the State for forfeiture or for a judgment pursuant to the provisions of Ill. Rev. Stat. ch. 110, §7(g),

prior to the conclusion of the sentencing hearing held on June 8, 1978."

On appeal, the State contends that the circuit court erred in denying the motion for forfeiture and further contends that forfeiture may be accomplished without the 30-days' notice required by section 110—7(h) when the defendant has been present at the hearing which established the violation of a condition of the bond.

Defendant would have us affirm the trial court's order on grounds that the State's appeal is not timely and that forfeiture is contemplated by statute only when a defendant violates the bond condition that requires his presence in court by failing to appear. We find the appeal timely taken from a final order of September 14, 1978, and address that issue no further.

The circuit court apparently proceeded on the theory that revocation and forfeiture were mutually exclusive and that by pursuing revocation, the State had elected not to seek forfeiture. The court also observed that the sentencing hearing was conducted before the State moved by a forfeiture. The order of July 13 noted that no forfeiture was entered, nor were the procedural requirements of section 110—7(h) followed by the State.

■■ ■ It appears to us that the relationship between forfeiture and revocation has been misapprehended by all concerned. Bond revocation is an exercise of the court's inherent authority to enforce its orders and require reasonable conduct from those over whom it has jurisdiction. (*People ex rel. Hemingway v. Elrod* (1975), 60 Ill. 2d 74, 83, 322 N.E.2d 837, 842-43.) The amount of bail may be increased and additional conditions may be imposed for violation of any condition of the bond required or authorized by section 110—10 (Ill. Rev. Stat. 1977, ch. 38, par. 110—10). Revocation may be ordered following a hearing initiated by the state's attorney's verified application reciting facts or circumstances constituting a breach or threatened breach by a criminal defendant of any condition of his bail bond. (Ill. Rev. Stat. 1977, ch. 38, par. 110—6.) If clear and convincing evidence is adduced that the defendant committed a forcible felony, revocation is authorized. (Ill. Rev. Stat. 1977, ch. 38, par. 110—6(e)(3).) Upon revocation the defendant is incarcerated and his trial on the initial offense is expedited. (Ill. Rev. Stat. 1977, ch. 38, par. 110—6(e)(4).) Neither the order nor the proceedings based on clear and convincing evidence are admissible in a subsequent trial for the forcible felony.

■■ Forfeiture, in contrast, is a civil judgment "that [the] accused stood charged with a public offense, that he obtained his release under bond, that the bond was executed in the particular case, and that some condition of [the] bond was broken." (*People v. Brown* (1962), 35 Ill. App. 2d 182,

186-87, 182 N.E.2d 347, 350.) Upon entry of a judgment, the obligation of the defendant becomes a debt of record as a civil liability. *People v. Arron* (1973), 15 Ill. App. 3d 645, 648, 305 N.E.2d 1, 3.

Statutory authority for forfeiture is found in sections 110—2 and 110—7 of the Code. (Ill. Rev. Stat. 1977, ch. 38, pars. 110—2, 110—7.) Section 110—7(g) provides:

> "If the accused does not comply with the conditions of the bail bond the court having jurisdiction shall enter an order declaring the bail to be forfeited. * * * If the accused does not appear and surrender to the court having jurisdiction within 30 days from the date of the forfeiture or within such period satisfy the court that appearance and surrender by the accused is impossible and without his fault the court shall enter judgment for the State * * * for the amount of the bail and costs of the court proceedings. * * *" (Ill. Rev. Stat. 1977, ch. 38, par. 110—7(g).)

The State argues that the court is required to forfeit a defendant's bond if he fails to comply with any condition of the bond. The defendant points out that the first sentence of section 110—7(g) is qualified by the later sentence that authorizes the court to enter judgment for the amount of bail provided in the bond only if the defendant fails to appear and surrender within 30 days from the date of forfeiture or furnishes satisfactory excuse for his nonappearance.

We believe the State has misapprehended the distinction between forfeiture and entering judgment on the bond subsequent to forfeiture. Prior to the adoption of the Code of Criminal Procedure of 1963, upon forfeiture of the bond, a writ of *scire facias* would issue returnable not less than 30 days from the date of forfeiture, directed to the defendant and his sureties, to show cause why judgment should not be entered against them for the amount of the bond. The trial court in its discretion could set aside the forfeiture before judgment was entered if the accused appeared, died or was convicted and imprisoned in some other State. (Ill. Rev. Stat. 1963, ch. 38, par. 624a.) Section 110—7(g) retains this procedure in substance. It is noteworthy that under the prior law the only condition of the bond was that the defendant would appear for trial and at such other times as the court might direct.

We have found no authority in this State that has considered the question before us. The reported cases all are concerned with forfeiture of bail for nonappearance of the defendant. The Committee Comments to section 110—7 state that the section "is new and provides the procedure for depositing ten per cent of the amount of bail as security for appearance. However, the bail bond will provide for forfeiture of the full amount of the bail upon non-appearance." (Ill. Ann. Stat., ch. 38, par. 110—7, Committee Comments, at 316 (Smith-Hurd 1970).) The

Committee Comments to article 110 indicate that the purpose of requiring bail is to assure the appearance of the accused at trial. (Ill. Ann. Stat., ch. 38, art. 110, Committee Comments, at 298-301 (Smith-Hurd 1970).) *People v. Ratliff* (1976), 65 Ill. 2d 314, 357 N.E.2d 1172, states that section 110—7(g), now 110—7(h), of the Code "provides the means by which the State can acquire a money judgment against a defendant who violates the provisions of his bail bond by failing to appear in court." 65 Ill. 2d 314, 318, 357 N.E.2d 1172, 1175.

The condition of the bond requiring the accused's appearance and the condition of the bond which requires that the defendant not violate any criminal statute of any jurisdiction are both mandatory conditions of a bail bond under section 110—10 of the Code. (Ill. Rev. Stat. 1977, ch. 38, par. 110—10.) We cannot say that the commission of a serious crime while the defendant is admitted to bail is not as grievous a violation of the bond as nonappearance at trial. However, we need not decide whether the statutory pattern contemplates forfeiture for violations of conditions of a defendant's bond other than nonappearance.

■■■ The State did not follow the procedure mandated by section 110—7(g). No order was ever entered by the trial court forfeiting defendant's bail. As no forfeiture was entered, no notice of forfeiture was ever mailed to the defendant at his last known address. (*People v. Ratliff.*) More importantly, the remarks of the trial court clearly indicate that the court would have set the forfeiture aside had one been declared as the defendant appeared within 30 days and entered a plea of guilty to the initial charge. The trial court in the exercise of discretion may always remit the forfeiture; it is not mandatory that judgment be entered on a forfeiture.

Accordingly, the judgment of the Circuit Court of Wayne County is affirmed.

Affirmed.

KUNCE and KASSERMAN, JJ., concur.