No. 68,477

CITY OF OVERLAND PARK, KANSAS, *Appellant*, v. MARK A. TRAVIS, *Appellee.*

(853 P.2d 47)

Opinion filed May 28, 1993.

*Suzanne M. Zimmerman,* assistant city attorney, argued the cause and was on the brief for appellant.

There was no appearance by appellee.

The opinion of the court was delivered by

LOCKETT, J.: Defendant was charged by the City of Overland Park with driving: (1) when his breath alcohol concentration (BAC) was .10 or more; or (2) while he was under the influence of alcohol. The municipal court judge found defendant not guilty of driving when his BAC was .10 or more but guilty of driving while

under the influence of alcohol. Defendant appealed his conviction for driving while under the influence of alcohol to the district court. See K.S.A. 1992 Supp. 22-3609. Prior to trial in the district court, the City requested to offer proof on the BAC alternative charged in the original complaint. The district judge found that the municipal judge's finding of not guilty barred the City from proceeding as to the BAC alternative. The City appeals as questions reserved, pursuant to K.S.A. 22-3602(b)(3), the municipal judge's finding the defendant was not guilty of driving when his BAC was .10 or more and the district judge's denial of the City's request to offer proof on the BAC alternative charged in the original complaint.

Defendant Mark A. Travis was charged by the City with (1) operating a vehicle while under the influence of alcohol, or at a time when the alcohol concentration in his breath was .10 or more as measured from samples taken within two hours after he operated the vehicle; (2) transporting, in a vehicle, upon a city street, an open container of intoxicating liquor; (3) operating a vehicle with a suspended driver's license; and (4) failure to signal for a turn.

Overland Park Municipal Code § 12.04.030 (1991) states:

"(a) No person shall operate or attempt to operate any vehicle within this City while:
. . . .
(2) the alcohol concentration in the person's blood or breath, as measured within two hours of the time of operating or attempting to operate a vehicle, is .10 or more; or
(3) under the influence of alcohol."

After a trial in the municipal court, the judge found Travis not guilty of operating a vehicle with an alcohol concentration in his breath of .10 or more and operating a vehicle with a suspended driver's license and guilty of driving under the influence of alcohol, transporting an open container of alcohol, and failing to signal for a turn. Neither party was satisfied with the judge's decision. The defendant believed he was not guilty of any of the charges, and the City claimed that the judge improperly found the defendant not guilty of one part of the DUI charge. Each party had the right to appeal that portion of the municipal judge's

decision it claimed was wrong to the district court of the county in which the municipal court is located. K.S.A. 12-4601.

A defendant has the right to appeal from any judgment of a municipal court which adjudges the defendant guilty of a violation of the ordinances of any municipality of Kansas. K.S.A. 1992 Supp. 22-3609(1). The procedure and jurisdiction to appeal to the district court are set out in 22-3609. K.S.A. 12-4602. The defendant in his or her notice of appeal is required to designate the judgment or part of the judgment appealed from. K.S.A. 1992 Supp. 22-3609(3). When a case is appealed to the district court, the case is tried de novo in the district court on the original complaint. K.S.A. 22-3610. Pursuant to the statutes, Travis appealed to the district court only his convictions of guilty of driving while under the influence of alcohol, transporting an open container of alcohol, and failing to signal a turn, and he requested a trial by jury.

K.S.A. 12-4601(b) provides for an appeal to the district court by the City upon questions of law. Rather than appealing as a question of law the municipal judge's finding Travis not guilty of driving with a BAC of .10 or more and staying the defendant's jury trial, prior to the jury trial before the district judge, the City moved to be allowed to offer proof on the breath alcohol concentration alternative of its DUI charge. The district judge found that because Travis had been acquitted of driving with a BAC of .10 or more by the municipal court judge, the district court had no jurisdiction over that part of the DUI charge and denied the motion. The jury could not reach a verdict on the charge of driving while under the influence. At the retrial, the City again requested that it be allowed to include the BAC alternative in its proof. The judge again denied the motion. Travis was convicted of operating a vehicle while under the influence of alcohol. As a question reserved pursuant to K.S.A. 22-3602(b)(3), the City then appealed (1) the municipal judge's finding that the defendant was not guilty of operating a vehicle with a BAC of .10 or more and (2) the district judge's denial of its motion to offer proof on the BAC alternative of operating a vehicle when the alcohol concentration of his breath was .10 or more.

Appeals by the prosecution to the Supreme Court as a matter of right in cases before a district judge are limited by K.S.A. 22-

3602(b) to appeals (1) from an order dismissing a complaint, information, or indictment; (2) an order arresting judgment; (3) upon a question reserved by the prosecution; or (4) from an order granting a new trial in any case involving a class A or B felony. A judgment of acquittal is not one of the orders or matters designated as appealable by the prosecution in this statute. *State v. Rodgers,* 225 Kan. 242, Syl. ¶¶ 1, 2, 589 P.2d 981 (1979). If the prosecution appeals upon a question reserved, the question must be one which calls for an answer which will aid in the correct and uniform administration of the criminal law, and the question will not be entertained on appeal merely to demonstrate errors of a trial court. *State v. Rodgers,* 225 Kan. at 244.

The City claims that its DUI ordinance is one offense that must be tried at one time; therefore, the municipal judge did not have authority to acquit the defendant of less than the entire offense of DUI, and the City should have been allowed to offer proof on the BAC theory of the ordinance. The City asserts that the district judge's denial of its request to offer proof was arbitrary and capricious. The City argues that because Travis was granted a trial de novo when he appealed his convictions to the district court under K.S.A. 12-4601 and 22-3609, both parties were placed in the same position in the district court as if the previous trial in the municipal court had not occurred. The City argues under these facts both the municipal court judge and the district court judge erred and the proper procedure for it to appeal the question of law is pursuant to K.S.A. 22-3602(b)(3).

Questions reserved by a city in a criminal prosecution in a district court, under K.S.A. 22-3602(b)(3), will not be entertained on appeal merely to demonstrate whether error has been committed by the district court in its rulings adverse to the prosecution. This court can accept appeals upon questions reserved by a city where the appeals involve questions of statewide interest important to the correct and uniform administration of the criminal law, and where the question of law is reserved in the correct forum.

Even though the question reserved by the City may be of statewide interest, do we have jurisdiction to hear this appeal under K.S.A. 22-3602? Jurisdiction to entertain an appeal is conferred by statute pursuant to article 3, § 3 of the Kansas Con-

stitution. An appellate court has only such appellate jurisdiction as is provided by law, and the filing of a timely and proper notice of appeal is jurisdictional. *State v. Moses,* 227 Kan. 400, Syl. ¶¶ 7, 8, 607 P.2d 477 (1980). When the record discloses a lack of jurisdiction, it is the duty of this court to dismiss the appeal. *State v. Ortiz,* 230 Kan. 733, 735, 640 P.2d 1255 (1982).

K.S.A. 12-4601(b) provides the procedure for the City to appeal to the district court the question of law whether the municipal judge had authority to acquit the defendant of what the City alleges is less than the entire offense of DUI. An appeal by the City upon that question of law would have stayed all further proceedings in the defendant's appeal to the district court. Because the City appealed the district judge's refusal to allow it to present evidence of defendant's BAC of .10 or more as a question of law pursuant to K.S.A. 22-3602(b)(3) rather than appealing the municipal judge's finding the defendant not guilty of driving with a BAC of .10 or more pursuant to K.S.A. 12-4601(b), we are without jurisdiction to determine the question of law.

Appeal dismissed.

ABBOTT, J., concurring: I concur in the result.

The defendant in this case was convicted of the offense charged. Driving while under the influence and driving with a breath alcohol concentration of .10 is a single offense. If the issue arises again, the City can have the issue determined.

It is of no great moment to the citizens of this state whether the City must appeal the issue as one of law pursuant to K.S.A. 12-4601(b) or whether it is an issue of fact subject to a trial de novo. It is of importance that the issue have a meaningful appeals place on the court's already crowded docket.

I would urge the legislature to do away with the State's statutory right to a direct appeal to the Supreme Court in criminal cases and, in particular, in misdemeanor cases.