The Honorable Gary Merritt State Representative, 20th District State Capitol, Room 175-W Topeka, Kansas 66612
Dear Representative Merritt:
As representative of the twentieth district, you inquire whether the language contained in K.S.A. 65-2869 authorizes physicians to perform manual manipulation. The statute defines persons engaged in the practice of medicine and surgery. It provides:
 "For the purpose of this act the following persons shall be deemed to be engaged in the practice of medicine and surgery:
 "(a) Persons who publicly profess to be physicians or surgeons, or publicly profess to assume the duties incident to the practice of medicine and surgery or any of their branches.
 "(b) Persons who prescribe, recommend or furnish medicine or drugs, or perform any surgical operation of whatever nature by the use of any surgical instrument, procedure, equipment or mechanical device for the diagnosis, cure or relief of any wounds, fractures, bodily injury, infirmity, disease, physical or mental illness or psychological disorder, of human beings.
 "(c) Persons who attach to their name the title M.D., surgeon, physician, physician and surgeon, or any other word or abbreviation indicating that they are engaged in the treatment or diagnosis of ailments, diseases or injuries of human beings."
The statute broadly defines the scope of practice of medicine and surgery and includes any person who professes to assume the requisite duties. The statute defines the duties as prescribing or furnishing medicine or performing any surgical operation for the diagnosis, cure or relief of any wounds, fractures, bodily injury, infirmity, disease, physical or mental illness of human beings. Additionally, subsection (c) defines the practice as engaging in the treatment or diagnosis of ailments, diseases or injuries in humans. At issue is whether this statute authorizes doctors of medicine and surgery to treat patients by manual manipulation.
When a question law involves the interpretation of a statute, it is the function of the court to interpret the statute to give it the effect intended by the legislature. State v. Gonzales, 225 Kan. 243 (1994). In construing a statute the court is not limited to the language in that statute but may give general consideration to the entire act. McGranahanv. McGough, 249 Kan. 328 (1991). Thus in order to determine legislative intent we will consider the act's purpose of protecting the public, K.S.A. 65-2801, and the nature and definition of the other branches of the healing arts act, specifically the practice of chiropractic, in order to construe the statute in question in the context of the entire act.Kansas State Board of Healing Arts v. Foote, 200 Kan. 447, 453 (1968). This analysis is particularly important in light of the prohibition in K.S.A. 65-2836(g) against the unlawful invasion of the field of practice of another branch of the healing arts.
The Kansas Supreme Court considered the language found in K.S.A. 65-2869
in Acupuncture Society of Kansas v. Kansas State Board of Healing Arts,226 Kan. 639 (1979). At issue was whether acupuncture was prohibited in the practice of chiropractic by a statute which prohibited chiropractors from practicing surgery. The court, reasoning that the legislature could not have intended such a broad interpretation of surgery as to render the healing arts act nonsensical, found surgery to be more limited and thus allowed the practice of chiropractic to include acupuncture as a modality of treatment. 226 Kan. at 645-46. Similarly, we must determine whether manual manipulation, a term not otherwise defined by statute, is within the purview of the practice of medicine and surgery as defined in K.S.A.65-2869. The question of whether a particular procedure is within the authorized scope of one practice or another is primarily one of statutory interpretation. 723 Am.Jur.2d Statutes ¶ 195 (1974); 16 A.L.R. 4th 58, 65 (1982).
When construing a statute, ordinary words are to be given their ordinary meaning which means that words used in a statute should be construed according to context and approved usage of the language. Stateex rel. Stephan v. Kansas Racing Commission, 246 Kan. 708 (1990). The term manipulation is not found in K.S.A. 65-2869; however it is part of the defined practice of chiropractic, K.S.A. 65-2871. Chiropractors in Kansas are expressly permitted to "adjust any misplaced tissue of any kind or nature, manipulate or treat the human body by manual, mechanical or natural methods. . .," subsection (b). Applying the rule that ordinary words are to be construed according to their context we may conclude that this type of manipulation is part of the definition of the practice of chiropractic, but the fact that manipulation is within the practice of chiropractic does not settle the question of whether manipulation, as a healing art, is within the practice of medicine. See Acupuncture Societyof Kansas v. Kansas State Board of Healing Arts, 226 Kan. at 643 (the definition of the practice of chiropractic should not be used to obliterate the distinction between the practice of chiropractic and the practice of medicine and surgery [dictum]).
In a medical context, the term manipulation is a general term often used to describe procedures performed by medical doctors, osteopaths, physical therapists and chiropractors. 1B Attorney's Textbook of Medicine
1237 (3d ed. 1994). See also: Schmidt, Attorneys' Dictionary of Medicineand Word Finder M-39 (1995); 3 Ausman and Snyder's Medical LibraryLawyers Edition 4:29 (1993); The Sloan-Dorland Annotated Medical-LegalDictionary 432 (1987); Stedman's Medical Dictionary 5th UnabridgedLawyer's Edition 832 (1982). As such the procedures performed vary, giving the term different definitions depending on the context in which it is found. See generally, Mississippi Farm Bureau Mutual InsuranceCompany v. Garrett, 487 So.2d 1320 (Miss. 1986) (opinions of doctors of chiropractic are not barred by the sole ground that the field overlaps medicine.) As a general matter, manual manipulation may constitute the practice of various professions dealing with the well-being of one in need of treatment; the term, however, is defined in different ways depending on the particular practice in which it is found. In other words, the term manual manipulation is defined in context. For example the term manipulation is defined in Stedman's Medical Dictionary, ibid., as "any manual operation; e.g. palpation (examination by means of the hands p. 1018), extracting the fetus in difficult labor, or expressing the placenta." One would be hard-pressed to argue that the extraction of a fetus in difficult labor is not the practice of medicine simply because the procedure might involve dextrous treatment by the hand. InSloane-Dorland Annotated Medical Legal Dictionary, ibid., the term manipulation is defined as the skillful or dextrous treatment by the hand and cites an example from the practice of physical therapy. In Attorneys'Dictionary of Medicine and Word Finder, ibid., the term is defined as "[s]killful handling in the adjustment of an abnormality or the brining about a desirable condition, as the changing of the position of the fetus, the alignment of the fragments of a broken bone, the replacement of a protruding organ (in hernia), etc."
It is clear from these examples that the term manual manipulation is not a term of art which has only one definition and found only within one practice or another. Thus, a finding that manual manipulation as generally defined is not authorized by K.S.A. 65-2869 as the practice of medicine and surgery would render the healing arts act nonsensical. K.S.A.65-2869, subsection (c) broadly defines the practice of medicine and as a practical matter must include some of the procedures that are treatment by skillful use of the hands when one is "engaged in the treatment or diagnosis of ailments, diseases or injuries of human beings." However, the fact that the term has many meanings does not mean that there is no distinction between the manual manipulation provided by doctors of medicine and the treatment provided by doctors of chiropractic. We note in the interest of clarity that doctors of osteopathy (D.O.s) who are licensed to practice medicine and surgery pursuant to K.S.A. 65-2870 are outside the scope of our question regarding K.S.A. 65-2869.
The legislature clearly intended the distinctions between healing arts branches not be obliterated. K.S.A. 65-2835(g) prohibits a licensee from the invading the field of practice of any branch in which the licensee is not licensed to practice, and in Kansas State Board of Healing Arts v.Burwell, 5 Kan. App. 2d 357 (1980) the court upheld the revocation of a chiropractor's license when it held that Laetrile was properly found to be a medicine or drug, the use of which by chiropractors was expressly prohibited.
Thus the overlap of the term does not mean that the professions or healing arts themselves overlap. See McKissick v. Fry, 25 Kan. 566, 592
(1994) (chiropractors are allowed to treat patients within the scope of specific therapies permitted by the healing arts act.) For this reason it is useful to discuss manual manipulation in the context of the practice of chiropractic. Chiropractic manipulation may involve lumbar invertebral joint adjustment which is a passive manual maneuver during which the three joint complex is suddenly carried beyond the normal physiological range of movement without exceeding the boundaries of anatomical integrity. Kirkaldy-Wallis, Managing Low Back Pain 287 (2d ed., 1988). And while so defined in this publication, the term manual manipulation may be broader and may include other procedures in the context of the practice of chiropractic as defined in our state.
Similarly, K.S.A. 65-2869 which defines the practice of medicine broadly is not a license to practice a modality of treatment specific to another field of the healing arts. However, manual manipulation is a term which encompasses many different treatments, specific to and limited by the context in which the term is found.
In light of the possible interpretations for the term manual manipulation, in our judgment the term must be interpreted in context. It is thus our opinion that while manual manipulation as defined generally may include methods of practice authorized to one or another profession or both, chiropractic manual manipulation as taught in accredited schools of chiropractic is not within the scope of practice of medicine and surgery as defined by K.S.A. 65-2869.
Very truly yours,
 CARLA J. STOVALL Attorney General of Kansas
 Guen Easley Assistant Attorney General
CJS:JLM:GE:jm