THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* LOUIS ALBARRAN, Defendant-Appellant.

First District (4th Division)   No. 62579

Opinion filed July 14, 1976.

James J. Doherty, Public Defender, of Chicago (Marilyn D. Israel, Assistant Public Defender, and Deborah N. Michels, of counsel), for appellant.

Bernard Carey, State's Attorney, of Chicago (Laurence J. Bolon and Kevin Sweeney, Assistant State's Attorneys, of counsel), for the People.

Mr. JUSTICE BURMAN delivered the opinion of the court:

In each of two separate informations, defendant was charged with violation of bail bond, commonly known as "bail jumping," in violation of section 32—10 of the Illinois Criminal Code (Ill. Rev. Stat. 1973, ch. 38, par. 32—10). Following a bench trial on April 3, 1975, the court found defendant guilty of both charges and sentenced him to concurrent terms of 30 days in the House of Correction, which terms were considered served.

On appeal defendant contends that (1) he was not proven guilty beyond a reasonable doubt; and (2) both convictions and sentences for bail jumping cannot stand since the offenses arose out of a single act.

The record reveals that defendant was admitted to bail in connection with two complaints separately charging unlawful use of weapons and unlawful possession of firearms or ammunition. The matter was set for trial on December 16, 1974, and defendant failed to appear. Pursuant to his absence, the trial court on that date noted a bond forfeiture and issued a warrant for his arrest. On January 21, 1975, judgment was entered as per the bond for $1000 with execution to issue. As noted above, defendant subsequently was charged with bail jumping in connection with each complaint.

At defendant's trial for bail jumping, the court appointed the public defender to represent defendant. He testified in his own behalf and explained that he did not appear in court on December 16, 1974, because he found he was too late. He said that he called the court, and an unidentified person told him to appear the next day because it was too late that day. Defendant further testified that the following day he did not appear in court, but rather stayed home. And as to the next day, he said, "I went out in the streets." Defendant further admitted that he did not appear in court at any time before his present trial. When asked on cross-examination what if anything he did with regard to missing his court date,

he replied that he was influenced by some drugs and drinking. He did not remember making any further inquiries into his case.

Section 32—10 of the Criminal Code provides as follows:

> "Whoever, having been admitted to bail for appearance before any court of record of this State, incurs a forfeiture of the bail and willfully fails to surrender himself within 30 days following the date of such forfeiture, commits, * * * if the bail was given in connection with a charge of committing a misdemeanor, * * * a Class A misdemeanor." (Ill. Rev. Stat. 1973, ch. 38, par. 32—10.)

Thus, to sustain a conviction for violation of bail bond, the State is required to prove that the defendant incurred a forfeiture of his bail, that he failed to surrender himself within 30 days following the date of such forfeiture, and that the defendant's failure to surrender was wilful. *People v. Lawson*, 16 Ill. App. 3d 61, 305 N.E.2d 594 (abstract opinion).

■■ Defendant first contends that he was not proven guilty beyond a reasonable doubt. More specifically, he contends that (1) the State's evidence failed to exclude the possibility that he made a timely surrender to authorities other than the circuit court such as the police department, and (2) the evidence did not establish that his failure to surrender was wilful. We have carefully reviewed the record and find defendant's arguments to be without merit.

The record clearly establishes that defendant failed to appear on his scheduled court date; that pursuant to his absence, the court ordered a bond forfeiture; and that more than 30 days thereafter, judgment was entered with execution to issue. The court clerk testified that on most occasions a defendant would come in and say that he failed to appear. In such an event he would advise the defendant to see the public defender and get the case back on the call and the warrant recalled. He said this is a daily occurrence. When asked to whom a person would surrender himself, the clerk responded, to the police department.

■■ It is true, as defendant argues, that the State's evidence did not exclude the possibility that he made a timely surrender to the police or other lawful authority. However, in our opinion this was not necessary. Indeed, it would be absurd to require the State to present testimony of each patrolman, assistant State's attorney or county sheriff station within the jurisdiction so as to establish their collective lack of knowledge of defendant's whereabouts. We hold, therefore, that the order in the court files was sufficient to prove that defendant incurred a forfeiture of his bail and failed to surrender himself within 30 days.

We further believe the record supports a finding that defendant's failure to surrender himself was wilful. In support of his assertion to the contrary, defendant relies primarily on our holding in *People v. Ratliff*, 35 Ill. App. 3d 19, 341 N.E.2d 29. In *Ratliff* the defendant failed to appear on his court date, and a bond forfeiture was ordered. No notice of the

forfeiture was mailed to him. When he failed to appear within 30 days, judgment was entered on the forfeiture. At trial, the defendant explained that he could not appear on his court date since at the time he was incarcerated in the House of Correction. He further testified that prior to his court date, he contacted Legal Aid services. A woman attorney from Legal Aid advised him that he need not appear, and that she would notify the court regarding a new court date. At the time judgment was entered on the forfeiture the defendant was in jail. In reversing his conviction for violation of bail bond, this court noted that the mere failure to surrender within 30 days does not constitute criminal activity. The failure to appear must also be wilful. Thus, in view of all the circumstances, and particularly the fact that no notice of forfeiture was mailed, we held that the defendant was not proven guilty beyond a reasonable doubt.

■■ The case at bar presents an entirely different situation. Misconduct is performed wilfully if it is performed knowingly. (Ill. Rev. Stat. 1973, ch. 38, par. 4—5.) The defendant, by his own testimony, admitted that he failed to appear on his scheduled court date because he was too late. He further admitted that in response to a phone call he was advised to appear the next day. Yet he failed to do so. He also testified that he could not remember making any further inquiries into his case. The trial court found from the evidence that the defendant's failure to surrender himself was wilful, and we hold that this finding is supported by the evidence.

■■ Defendant next contends that his double conviction for bail jumping was improper since both convictions were based on a single transaction and one course of conduct. The record reveals that defendant was charged with two separate offenses in two separate complaints numbered G624756 and G624757. He was admitted to bail on each complaint. At trial one bond slip was admitted into evidence which referred only to complaint number G624756. The court clerk explained that the bond also was issued for complaint number G624757 because he knew from experience that a single bond slip covers complaints which follow in numerical sequence.

We cannot agree with defendant that both convictions cannot stand. As the record reveals, defendant was charged in two separate complaints with two separate offenses. He was admitted to bail in connection with each of these complaints, and he failed to appear on both. Accordingly, we hold that defendant properly was convicted with two counts of bail jumping. We have examined the cases cited by defendant and find them to be inapplicable on the facts.

For the foregoing reasons, the judgment of the circuit court is affirmed.

Affirmed.

JOHNSON, P. J., and DIERINGER, J., concur.