THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.*
PATRICK LYNN, Defendant-Appellant.

Second District    No. 79-362

Opinion filed October 22, 1980.

Mary Robinson and Paul J. Glaser, both of State Appellate Defender's Office, of Elgin, for appellant.

Theodore F. Floro, State's Attorney, of Woodstock (Phyllis J. Perko and Cynthia N. Schneider, both of State's Attorneys Appellate Service Commission, of counsel), for the People.

Mr. PRESIDING JUSTICE SEIDENFELD delivered the opinion of the court:

Patrick Lynn was convicted in a jury trial of violation of bail bond

(Ill. Rev. Stat. 1975, ch. 38, par. 32—10) and sentenced to 16 months' imprisonment, the sentence to run concurrently with a pending sentence imposed in a Federal court. He appeals, contending that he was not proved guilty beyond a reasonable doubt. Alternatively, he claims reversible trial error in the failure to appoint a special prosecutor and allowing the State's Attorney to testify as a rebuttal witness.

In November 1975, the defendant was arrested and charged with deceptive practices for stopping payment on a check to a car dealer who had installed a dashboard in his car. He appeared regularly in court on this matter without an attorney. He testified at trial that in April 1976 he received a letter from the clerk of the circuit court telling him that the charge would be dropped on the next court call. Mr. Lynn testified he then called the office of the State's Attorney, at which time an Assistant State's Attorney confirmed this and told him he need not appear in court on that day. The deceptive practices case was subsequently dismissed.

The State, however, had filed felony theft charges against the defendant arising out of the same incident. He was arrested in Wisconsin on the felony charge and when no extradition papers arrived, the defendant voluntarily surrendered himself. The defendant made bail and was released on July 7, 1976. The matter was continued until August 30, 1976, so that the defendant could obtain counsel. On August 30 the defendant failed to appear, his bond was forfeited, and a bench warrant was issued. The defendant did not appear in court for 30 days thereafter and, in fact, had left the jurisdiction.

The defendant stated at trial that he had not appeared in court because he had been led to believe that this case also would be dropped. Defendant said he based his belief on information he obtained from a Cook County deputy sheriff who was a friend of the family. The deputy sheriff told Mr. Lynn that he had spoken to the dealer, and that the dealer had been told that the State would drop the case. The defendant also testified that he called the clerk of the court, who thought the case would be dismissed. He then testified he talked to McHenry County State's Attorney William Cowlin, who told him the case would be dropped and that he need not appear.

The defendant was subsequently arrested on fugitive warrants in South Bend, Indiana, in Michigan and in Elkhart, Indiana. The defendant was not extradited except on the last fugitive warrant. The defendant testified he believed that the arrests were part of a course of harassment practiced against him by the McHenry County State's Attorney's office. At the time of trial the defendant had pending a $1,500,000 lawsuit against State's Attorney Cowlin and Assistant State's Attorney Mengeling, along with prosecutors in Michigan, Wisconsin, and Indiana, charging harassment.

An information was filed on April 13, 1978, charging defendant with violation of bail bond because of his failure to appear in court on August 30, 1976, or 30 days thereafter. At a preliminary hearing on April 13, 1978, the defendant was arraigned on both the bail bond violation and the underlying theft charge. The court set no bail in the theft case but set bail of $25,000 in the bond violation case. On May 2, 1978, the underlying felony charge was nolle prossed.

In rebuttal, State's Attorney William Cowlin testified that he had no telephone conversation with the defendant at any time in July, August or September, 1976, and that he had never told defendant that he would not have to appear in court.

■■■ To sustain a conviction for violation of bail bond under the statute, the State must show that the defendant forfeited bail, failed to surrender within 30 days thereafter, and that the failure to surrender was willful. (*People v. Albarran* (1976), 40 Ill. App. 3d 344, 346.) For the purpose of this statute an act is performed willfully when it is performed knowingly. (40 Ill. App. 3d 344, 347. See also Ill. Rev. Stat. 1975, ch. 38, par. 4—5.) "Knowingly" is used to describe the mental state "in which a person, while not having an actual intent to accomplish a specific wrongful purpose, is consciously aware of the nature of his conduct or of the result which will (or which is practically certain to) be caused, or of the circumstances under which he acts, as described by the statute defining the offense." (Ill. Ann. Stat., ch. 38, par. 4—3, Committee Comments, at 256 (Smith-Hurd 1972).) Willfulness may be established by circumstantial evidence. (*People v. Zazzetti* (1972), 6 Ill. App. 3d 858, 863.) An innocent or excusable failure to surrender, however, is not punishable. (*People v. Arron* (1973), 15 Ill. App. 3d 645, 648.) An inability to be in the court because a defendant is in custody elsewhere is an example of excusable failure. (*People v. Ratliff* (1976), 65 Ill. 2d 314, 319-20.) The fact that a defendant does not appear within a reasonable time to explain any confusion he may have over his need to appear but instead leaves the jurisdiction and remains away has been held to show an intention not to appear. *People v. Arron* (1973), 15 Ill. App. 3d 645, 649.

Defendant does not contest the fact that he was absent from the court on August 30, 1976, and for 30 days thereafter. He contends that his absence was not willful, however. His argument is that he innocently relied on statements by the court clerk of McHenry County and its State's Attorney; and that he was also relying on the previous handling of the deceptive practices case which was nolle prossed in determining that he did not have to appear in court on August 30. In the deceptive practices case, the defendant was informed by the clerk of the court and an Assistant State's Attorney that the case would be dismissed and also informed by the Assistant State's Attorney that he need not appear.

Defendant did not appear, and the case was dismissed as planned. The defendant testified that the same process was followed in the theft case so that he concluded that it was logical that he should rely on the State's Attorney's statements and the statements of clerk of the court that he need not appear.

Defendant also argues that his conduct after his arrest indicated that he did not intend to avoid criminal prosecution. He argues that he appeared in the McHenry County Circuit Court approximately 21 times and in courts in other States approximately 15 times in connection with the theft charge; that he appeared in court 26 times in connection with the violation of the bail bond charge; and that these circumstances rebut the characterization that his absence from court between August 30 and September 30, 1976, was willful, but rather raised the appearance that the State's Attorney was continually harassing him.

The arguments, however, raise a question of credibility which the trier of facts could resolve against the defendant. His testimony as to conversations with court personnel and officers was directly contradicted. His claim that he was being harassed was before the jury in the fact that they were told of the $1,500,000 suit which had been filed in Federal court against the prosecutors in this case. The credibility of the defendant's testimony was for the determination of the trier of fact, which chose instead to believe the State's Attorney's version. (See *People v. Walker* (1977), 53 Ill. App. 3d 660, 661-62.) We conclude that the proof was sufficient to convict defendant of the offense charged beyond a reasonable doubt.

■■ We further conclude that it was not reversible error to deny defendant's motion that a special prosecutor be appointed pursuant to section 6 of the Criminal Code, which includes the provision in substance that if the State's Attorney is interested in the cause the court may appoint a special prosecutor. (Ill. Rev. Stat. 1975, ch. 14, par. 6.) We conclude that the State's Attorney was not "interested" in the cause in the sense referred to in the statute. It has been held that one is "interested" under the statute only where the officer is either an actual party to the action or interested as a private individual.

In this case the defendant had filed a motion for the appointment of a special prosecutor on October 30, 1978, alleging that State's Attorney Cowlin and Assistant State's Attorney Mengeling were harassing the defendant and that they were interested in this case as a result of the Federal law suit. At that time the defendant wished to call Mengeling to inquire into areas of harassment, which the court denied on the ground that it was disruptive and speculative. The trial court denied the defendant's motion for appointment of a special prosecutor, ruling that the office of State's Attorney was not "interested" in the State suit although they may

have been "interested" in the Federal suit. In this case it is highly speculative whether the Federal suit should be considered since it had been dismissed on the pleadings once during the pretrial proceeding in this case, although with leave to refile. Also, the connection between the two cases is quite tenuous, since the failure to convict in the State case does not directly relate to the question of whether or not the bringing of the State case was harassment. In light of this the trial court was within its discretion in determining that a special prosecutor need not be appointed. Compare *People v. Doss* (1943), 384 Ill. 400; *People v. Northup* (1914), 184 Ill. App. 638; *People ex rel. Barrett v. Board of Commissioners* (1973), 11 Ill. App. 3d 666; *In re Petition of McNulty* (1978), 60 Ill. App. 3d 701; *People v. Gerold* (1914), 265 Ill. 448.

■■ The defendant has somewhat changed his argument on appeal. He now argues that the fact that the State's Attorney testified at trial on rebuttal is the basis for a claim of reversible error. We hold that the trial court did not err in permitting the State's Attorney to testify on rebuttal. Again, whether to permit a State's Attorney to testify is within the trial court's discretion. One factor to be considered is whether the State's Attorney is the attorney who was actually conducting the trial. (See *People v. Thomas* (1976), 38 Ill. App. 3d 685, 688; *People v. Mann* (1963), 27 Ill. 2d 135, 139.) In this case the State's Attorney who gave the rebuttal testimony did not participate directly in the conduct of the case. (*Cf. People v. Robinson* (1979), 79 Ill. 2d 147, 158-59.) Also, the only person who knew if the defendant had actually talked to Mr. Cowlin was Mr. Cowlin, so his testimony was necessary to rebut the defendant's testimony. Furthermore, no objection was made to his testimony nor was a motion for mistrial made. We find no error on this point. See *People v. Knox* (1967), 90 Ill. App. 2d 149, 162.

The judgment is affirmed.

Affirmed.

UNVERZAGT and NASH, JJ., concur.