**Kenneth Harold JAMES, Appellant,**

v.

**STATE of Oklahoma, Appellee.**

**No. F–88–707.**

Court of Criminal Appeals of Oklahoma.

Oct. 1, 1991.

**1280**

Thomas E. Salisbury, Asst. Appellate Public Defender, Norman, for appellant.

Robert H. Henry, Atty. Gen., Wellon B. Poe, Asst. Atty. Gen., Oklahoma City, for appellee.

## OPINION

JOHNSON, Judge:

Kenneth Harold James, appellant, was tried by jury for the crime of Bail Jumping, in violation of 22 O.S.1981, § 1110, in Case No. CRF–86–297 in the District Court of Bryan County. Appellant was represented by counsel. The jury returned a verdict of guilty and set punishment at six (6) months imprisonment and a one thousand dollar ($1,000.00) fine. The trial court sentenced appellant in accordance with the jury's verdict. From this Judgment and Sentence, appellant appeals.

On June 17, 1986, Lucille Kidd, a bondsman in Durant, Oklahoma, placed a five thousand dollar ($5,000.00) bond for the appellant to secure his release from the Bryan County Jail in Case No. CRF–86–170. After appellant was released from custody, he failed to appear at two (2) court-ordered hearings. When appellant failed to appear at a July 17, 1986, preliminary hearing, the trial court ordered the appellant's bond forfeited. Appellant was eventually arrested in Texas and extradited to Oklahoma.

In his first assignment of error, appellant contends that the State's evidence was insufficient to prove the elements of Bail Jumping, as the order of forfeiture of the bond was not final and was, in fact, never collected upon, and was later vacated.

■■■■ In order to convict one of Bail Jumping under the provisions of 22 O.S.1981, § 1110, the State must prove the existence of the following elements beyond a reasonable doubt:

(1) that the defendant was admitted to bail;

(2) that the defendant incurred a forfeiture of such bail;

(3) that the defendant wilfully failed to surrender himself within five (5) days of the bail forfeiture; and

(4) said bail was in connection with a felony charge.

Appellant asserts that the second element, forfeiture, could not be proven, because although the bond was ordered forfeited on July 17, 1986, it was never forfeited or paid over by the bondsman and this order was vacated and the bond exonerated on January 12, 1988, four weeks prior to appellant's trial for Bail Jumping. Thus, appellant concludes, no forfeiture of the bond was ever incurred.

Title 22 O.S.1981, § 1108, provides as follows:

A. If, without sufficient excuse, the defendant neglects to appear according to the terms or conditions of the recognizance, bond or undertaking, either for hearing, arraignment, trial or judgment, or upon any other occasion when his presence in court or before the magistrate may be lawfully required, or to surrender himself in execution of the judgment, the court must direct the fact to be entered upon its minutes, and the

recognizance, bond or undertaking of bail, or the money deposited instead of bail, as the case may be, is and shall be thereupon declared forfeited. But, if at any time before the final adjournment of court the defendant or his bail appear and satisfactorily excuse his neglect, the court may direct the forfeiture to be discharged upon such terms as may be just. After the forfeiture, the district attorney must proceed with all due diligence, by action against the bail upon the instrument so forfeited. If money deposited instead of bail be so forfeited, the clerk of the court or other officer with whom it is deposited, must, immediately after the final adjournment of the court, pay over the money deposited to the county treasurer.

It is clear from the very language of the statute that a forfeiture is to be declared by the court when a defendant fails to appear according to when his presence is lawfully required. In fact, the statute says in mandatory language that a forfeiture "shall" be declared. In the present case, appellant did not appear for his preliminary hearing on July 17, 1986, and the court declared a bond forfeiture.

Appellant argues that since the money from the forfeiture was never transferred to the county, a forfeiture never actually occurred. However, the district attorney's failure to proceed by action to collect the bond, does not change the fact that when appellant failed to appear at his preliminary hearing, the court entered an order declaring his bond forfeited. We find there to be a distinction between a forfeiture of a bond and the actual collection of the forfeited bond. We also find that a rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *See Roberts v. State*, 715 P.2d 483, 485 (Okl.Cr.1986). We find no error.

■ In his final assignment of error, appellant contends that the trial court erred by refusing to instruct the jury on his theory of defense. Appellant maintains that his defense in the case was to prove that he was in the constructive custody of the Texas authorities and that his bond could not be forfeited due to the fact that he was in custody elsewhere through no fault of the bondsman. Although the appellant orally requested the instruction, no written request was ever presented to the trial court. This Court has repeatedly held that a defendant must object to the instruction and must submit written requested instructions should he not be satisfied with the instructions of the court, or all but fundamental error is waived in that regard. *Nash v. State*, 685 P.2d 972, 974 (Okl.Cr. 1984). As the State points out, the appellant's own testimony reveals that he could have been present in Bryan County but claimed to be sick and feared for his life in the county. When asked whether he had contacted anyone in Bryan County explaining his absence, appellant testified, "I didn't figure there was any reason ..." (Tr.89) We have reviewed the instruction given by the trial court, and find that they fairly and accurately state the applicable law. *Dotson v. State*, 739 P.2d 538, 540 (Okl.Cr.1987). We find no error.

The Judgment and Sentence is AFFIRMED.

LANE, P.J., LUMPKIN, V.P.J., and BRETT and PARKS, JJ., concur.