**Samuel Benjamin BRISTOW, Jr., Appellant,**

v.

**STATE of Oklahoma, Appellee.**

**No. F–93–1052.**

Court of Criminal Appeals of Oklahoma.

July 28, 1995.

---

Steve Barnes, Assistant Public Defender, Tulsa, for Defendant at trial.

Barry Derryberry, Assistant Public Defender, Tulsa, for Appellant on appeal.

John Kelson, Assistant District Attorney, Tulsa, for the State at trial.

Susan B. Loving, Attorney General of Oklahoma and William L. Humes, Assistant Attorney General, Oklahoma City, for Appellee on appeal.

## SUMMARY OPINION

CHAPEL, Vice Presiding Judge:

Samuel Bristow, Jr., was tried by the Honorable Jay D. Dalton and convicted of Feloni-

ous Bail Jumping (Counts I–VI) in violation of 22 O.S.1991, § 1110, in the District Court of Tulsa County, Case No. CF–92–4507. Judge Dalton sentenced Bristow to six consecutive one-year terms of imprisonment and a $500 fine. Bristow has perfected his appeal of this conviction.

Bristow raises one proposition of error in support of his appeal:

I. Bristow's six convictions for one failed appearance are duplicitous and are thus violative of double jeopardy.

After thorough consideration of the entire record before us on appeal including the original record, transcripts, briefs and exhibits of the parties, we have determined that the proposition requires reversal of five convictions for bail jumping. Accordingly, Bristow's appeal is granted in part and denied in part.

Bristow argues that, although he was bonded on six underlying felony counts, he committed only one criminal act on March 18 and cannot be punished for it six times. The State concedes that Bristow committed a single act of criminal conduct by failing to appear for a scheduled court appearance on March 18, 1992. Bristow objected on these grounds and preserved the issue for review.

■ Bristow received multiple punishments under a single statute for a single act. Bristow analogizes to 21 O.S.Supp.1987, § 11A, which provides that "an act or omission which is made punishable in different ways by different provisions of this code may be punished under either of such provisions, ... but in no case can it be punished under more than one[.]". Section 11 is the statutory prohibition on multiple punishment, which is violated where a single criminal act gives rise to offenses which are (1) not separate and distinct, (2) a mere means to some other ultimate objective, (3) lesser included offenses, or (4) merely different incidents or facets of some primary offense.[1] Section 11 "provides a clear legislative statement of intent to be used where a defendant has re-

---

1. *Hale v. State*, 888 P.2d 1027, 1028 (Okl.Cr. February 4, 1995). Section 11 is not violated where offenses arising from the same transaction are separate and distinct and require dissimilar proof. 888 P.2d at 1028.

ceived multiple punishments in a single trial for offenses arising from the same conduct."[2] This Court held in *Hale*:

"The elements of the offenses may be dissimilar if they fall into one of these categories. The point of the analysis is ... whether, taken as a whole, a defendant has been punished twice for one criminal course of conduct where his offenses were incident to one objective."[3]

■ Although Bristow's multiple punishments arose from a single violation of a single statute, the analysis above applies. In *Hunnicutt v. State*[4] this Court cited § 11 in finding that the legislature did not intend a defendant to be punished twice (or more) for attempting to conceal stolen property depending on the number of items involved (i.e. two counts for two pistols, twenty counts for twenty pistols). Bristow was bonded out on six felony counts in two separate cases and forfeited all six bonds when he missed a single court appearance. These six "offenses" are not separate and distinct. To sustain a conviction for bail jumping the state must prove: 1) that Bristow was admitted to bail; 2) that he incurred a forfeiture of bail; 3) that he wilfully failed to surrender himself within five days of the forfeiture; and 4) that the bail was in connection with a felony charge.[5] The State offered as proof the court dockets in CF–92–216 and CF–92–275 and evidence that Bristow had failed to appear on March 18 and failed to turn himself in. Thus, at most, different evidence was required to prove violations of two counts (the two separate case numbers) and under no circumstances should Bristow have been charged with more than two counts. However, even though Bristow was charged in two separate cases, both were docketed for one appearance and the underlying charges all referred to one victim. It is clear the two cases were being docketed and treated as one for the purpose of court appearances. All the offenses are clearly incident to Bristow's single objective of failing to appear for one court date. This prosecution was prohibited under section 11, and all but one conviction must be remanded with instructions to dismiss.

## DECISION

The Judgment and Sentence of the trial court is **AFFIRMED** as to Count I, and **REVERSED** with instructions to **DISMISS** on Counts II–VI.

LUMPKIN and STRUBHAR, JJ., concur.

LANE, J., dissents and concurs with JOHNSON, P.J.

JOHNSON, P.J., dissents.

JOHNSON, Presiding Judge, dissenting:

Sometimes the simplest cases seem to create some of the most complicated legal problems. This, obviously, is one of those types of cases.

Appellant herein was convicted of six separate violations of bail jumping. The appellant was charged with five felony counts in Case CF–92–216 and a separate felony account in Case No. CF–92–275. Bond was set at $5,000 per count on the first charge and the same amount in the second case. Arraignment on both cases was set for a date certain; on that date defendant failed to appear; the matters were reset for one day later; again, the defendant failed to appear. A bench warrant was issued and the bond forfeited.

It is rather unusual that there have not been numerous cases throughout the United States on this issue. This is an issue of first impression in Oklahoma, at least as to the number of times a person may be charged with bail jumping. I have found three cases from other states that seem to be uniform in their application of the law. Although there are some differences, generally the cases hinge on the fact that you would not have multiple charges under the double jeopardy

---

2. *Hale*, 888 P.2d at 1029.

3. 888 P.2d at 1029.

4. 755 P.2d 105, 109–111 (Okl.Cr.1988) (defendant prosecuted for two counts of attempting to conceal stolen property when he paid for and received a sack containing two "stolen" pistols).

5. *James v. State*, 817 P.2d 1279, 1280 (Okl.Cr. 1991); 22 O.S.1991, §§ 1110, 1111.

theory unless different facts or elements would have to be proven. Here, different elements would have to be proven in only two cases. I would therefor hold that there were only two offenses. One would be for bail jumping in CF–92–216 and one for bail jumping in Case CF–92–275. *State v. Richter,* 189 Wis.2d 105, 525 N.W.2d 168 (App.1994); *People v. Albarran,* 40 Ill.App.3d 344, 352 N.E.2d 379 (1976); *McGee v. State,* 438 So.2d 127 (Fla.App.1 Dist.1983).