George LENNON, Appellant,

v.

UNITED STATES, Appellee.

Nos. 97–CM–1240 and 97–CM–1334.

District of Columbia Court of Appeals.

Argued May 5, 1998.
Decided July 15, 1999.

John A. Briley, Jr., appointed by the court, for appellant.

Matthew L. Levine, Assistant United States Attorney, with whom Wilma A. Lewis, United States Attorney, and John R. Fisher and Kristina L. Ament, Assistant United States Attorneys, were on the brief, for appellee.

Before WAGNER, Chief Judge, and TERRY and REID, Associate Judges.

TERRY, Associate Judge.

Appellant was convicted of two counts of failure to appear in court when required, in violation of D.C.Code § 23–1327 (1996), commonly known as the Bail Reform Act (BRA). In these consolidated appeals from the two convictions, appellant contends that the trial court erred in denying his motion to dismiss one of the counts on the ground that the two charges violated the Double Jeopardy Clause of the Fifth Amendment. We agree, and thus we affirm one conviction and reverse the other.

I

On July 4, 1996, appellant was charged in a felony complaint with one count of assault with a dangerous weapon (ADW).[1]

1. D.C.Code § 22–502 (1996).

The court scheduled a preliminary hearing for July 24 and released him on his own recognizance after he signed a written notice to return on that date. When appellant did not show up for the preliminary hearing, the court issued a bench warrant for his arrest. He was arrested on that warrant on October 7, and soon thereafter the government obtained a felony indictment against him for failing to appear in court on July 24.[2] On March 26, 1997, the government reduced the charges by filing a misdemeanor assault information in the ADW case and dismissing the felony complaint, and by also filing a misdemeanor BRA information in the separate BRA case in lieu of the felony indictment. At a status hearing on April 4, at which appellant was present, the trial court consolidated the two new misdemeanor charges (assault and BRA) under Super. Ct.Crim. R. 13. At that point, therefore, appellant had two misdemeanor charges against him awaiting trial.[3]

The court then continued the status hearing until April 30. After signing a single "Notice to Return to Court" form containing the case numbers of both of the underlying charges, appellant was released without bond. When he did not appear on April 30, the court issued a second bench warrant for his arrest. On May 19 the government filed two additional BRA informations, charging appellant separately with failure to appear on April 30 in the assault case and the original BRA case. After his arrest on the new bench warrant, appellant filed a motion to dismiss one of the new charges as multiplicitous, arguing that because he failed to appear for a single hearing, he therefore committed only one BRA violation and could not be

punished twice for it. The court denied the motion, and the case went to trial without a jury. At the conclusion of the defense case, the government dismissed the original BRA information (see note 3, *supra*), and appellant was convicted of two BRA violations for his failure to appear on April 30. The court suspended the imposition of sentence in each case, and appellant filed separate notices of appeal from the two convictions. We later consolidated the two appeals.

## II

The sole issue before us is whether appellant's two convictions, resulting from his failure to appear at a single hearing, violate the Double Jeopardy Clause. It is well settled that the Double Jeopardy Clause "protects against multiple punishments for the same offense." *North Carolina v. Pearce*, 395 U.S. 711, 717, 89 S.Ct. 2072, 23 L.Ed.2d 656 (1969); *accord, e.g., Gardner v. United States*, 698 A.2d 990, 1002 (D.C.1997). However, the function of the Double Jeopardy Clause in a case such as this "is limited to assuring that the court does not exceed its legislative authorization by imposing multiple punishments for the same offense." *Brown v. Ohio*, 432 U.S. 161, 165, 97 S.Ct. 2221, 53 L.Ed.2d 187 (1977); *accord, Byrd v. United States*, 598 A.2d 386, 388–389 (D.C.1991) (en banc). There is therefore no double jeopardy violation when the legislative intent is to impose more than one punishment for the same criminal act. *Missouri v. Hunter*, 459 U.S. 359, 368–369, 103 S.Ct. 673, 74 L.Ed.2d 535 (1983); *Freeman v. United States*, 600 A.2d 1070, 1071 (D.C.1991).

**2.** Because the underlying charge of assault with a dangerous weapon was a felony, the BRA violation was also chargeable as a felony. *See* D.C.Code § 23–1327(a)(1). If a defendant who fails to appear was originally charged with a misdemeanor, the BRA violation is also a misdemeanor. *See id.* § 23–1327(a)(2).

**3.** Both of these underlying charges were eventually dismissed. The trial court dismissed the assault charge for want of prosecution shortly before trial. In addition, after hearing testimony at trial that appellant had made a good faith effort to inform his attorney and the court that he was in the hospital on July 24, 1996, the government dismissed the underlying BRA charge.

■ Thus in this case, in which appellant received multiple punishments under a single statute for a single act,[4] our role is to determine what the legislature intended to be the allowable "unit of prosecution." *Bell v. United States,* 349 U.S. 81, 83, 75 S.Ct. 620, 99 L.Ed. 905 (1955); *see Dunham v. District of Columbia,* 442 A.2d 121, 124–125 (D.C.1982). We must ascertain whether the legislative intent behind D.C.Code § 23–1327 is to punish the single act of failing to appear for a unitary court proceeding or the two separate acts of not appearing for trial on each underlying charge. Appellant contends that the prohibited offense is the failure to appear in court, regardless of how many underlying charges may have been consolidated into a single proceeding; therefore, according to appellant, he can be charged with, and convicted of, only one violation of D.C.Code § 23–1327. The government argues, on the other hand, that the proscribed act is the failure to appear for trial on each of the underlying charges in a consolidated case. Thus, the government maintains, because appellant faced two charges when he failed to appear at the April 30 status hearing, he could properly be charged with, and convicted of, two counts of failure to appear.

■ In interpreting any statute, we look first to its plain meaning, and "[i]f the meaning of [the] statute is plain on its face, resort to legislative history or other extrinsic aids to assist in its interpretation is not necessary." *United States v. Young,* 376 A.2d 809, 813 (D.C.1977); *see Burgess v. United States,* 681 A.2d 1090, 1095 (D.C. 1996); *Citizens Ass'n of Georgetown v. District of Columbia Board of Zoning Adjustment,* 642 A.2d 125, 128 (D.C.1994) (citing cases). Moreover, we construe the words of the statute "according to their ordinary sense and with the meaning commonly attributed to them." *Davis v. United States,* 397 A.2d 951, 956 (D.C.1979).

■ The relevant portion of section 23–1327 reads as follows:

(a) Whoever, having been released under this title prior to the commencement of his sentence, willfully fails to appear before any court or judicial officer as required, shall . . .

(1) if he was released in connection with a charge of felony . . . be fined not more than $5,000 and imprisoned not less than one year and not more than five years, [or]

(2) if he was released in connection with a charge of misdemeanor, be fined not more than the maximum provided for such misdemeanor and imprisoned for not less than ninety days and not more than 180 days . . . .

The government, citing the penalty provisions, contends that the statutory language shows that the unit of prosecution is the individual charge for which the defendant failed to appear. It argues that because the statute sets the penalty for a violation according to whether the defendant was released "in connection with a charge of felony [or] . . . a charge of misdemeanor," Congress intended the unit of prosecution to be the underlying charge or charges for which the defendant failed to appear.

We read the statute differently. As we see it, the essence of the offense is found in the first clause of the statute specifying the prohibited act, not in the ensuing penalty provisions. The criminal act which the statute prohibits is "willfully fail[ing] to appear . . . as required" after having been released. Thus we agree with appellant that the prohibited act, or "unit of prosecution," is the willful failure to appear at the time and place specified by the court.[5] It follows that a defendant who

---

4. We think it clear that appellant's failure to appear for trial on the two underlying charges did not constitute two separate criminal acts. *Compare Owens v. United States,* 497 A.2d 1086, 1094–1095 (D.C.1985), *cert. denied,* 474

U.S. 1085, 106 S.Ct. 861, 88 L.Ed.2d 900 (1986); *Gardner v. United States, supra,* 698 A.2d at 1002.

5. Because the language of the statute is sufficiently clear, we need not resort to legislative

fails to appear for a single court proceeding may be convicted of only one violation of D.C.Code § 23–1327.

The government relies on two state cases, *People v. Albarran*, 40 Ill.App.3d 344, 352 N.E.2d 379 (1976), and *State v. Richter*, 189 Wis.2d 105, 525 N.W.2d 168 (Ct.App.1994), but we find them both distinguishable. In *Albarran* the defendant was released on two separate bonds and failed to appear for trial. He was subsequently charged with and convicted of two counts of bail jumping.[6] On appeal he contended that the two convictions arose from "one course of conduct" and therefore were violative of the Double Jeopardy Clause. 40 Ill.App.3d at 347, 352 N.E.2d at 382. The court rejected his argument because he had been admitted to bail on two separate complaints, failed to appear on both, and therefore committed two separate acts of bail jumping. Similarly, in *Richter* the defendant was released on three separate bonds and was convicted of three counts of bail jumping after he made a single phone call in violation of a condition of each of his three bonds.[7] The court, concluding that the defendant had violated three bond agreements and thus

had committed three separate criminal acts, rejected his contention that the three convictions violated the Double Jeopardy Clause.[8] For unit of prosecution purposes, each defendant committed a separate act when he violated the terms of a particular bail bond. In the present case, however, appellant was not admitted to bail, but was released on his personal recognizance after he signed a single notice to appear. More significantly, the statute under which he was convicted specifically proscribes failing to appear in court as required, whereas the statutes in *Albarran* and *Richter* proscribed violating the terms of a bond agreement. Therefore, we do not find either *Albarran* or *Richter* to be of any particular relevance to this case.[9]

The present case is more like *McGee v. State*, 438 So.2d 127 (Fla.Dist.Ct.App. 1983). Although the defendant in *McGee* was also released on bail, there was a single bond for multiple charges, and the applicable statute, virtually identical to D.C.Code § 23–1327, proscribed the failure to appear in court rather than the violation of a bond agreement:

history to assist in its interpretation, although of course we are not precluded from doing so. *See, e.g., Burgess*, 681 A.2d at 1095; *Young*, 376 A.2d at 813.

**6.** The Illinois bail jumping statute provided in part:

Whoever, having been admitted to bail for appearance before any court of this State, incurs a forfeiture of the bail and willfully fails to surrender himself within 30 days following the date of such forfeiture, [shall be subject to criminal penalties].

ILL. REV. STAT. ch. 38, ¶ 32–10 (1973).

**7.** The applicable statute provided in part:

Whoever, having been released from custody ... intentionally fails to comply with the terms of his or her bond is [subject to criminal penalties].

WIS. STAT. § 946.49 (1995–1996).

**8.** In *State v. Anderson*, 214 Wis.2d 126, 133, 570 N.W.2d 872, 875 (Ct.App.1997), the Wisconsin Court of Appeals distinguished *Richter* from the case before it, in which the defen-

dant was charged with two counts of bail jumping for the violation of a single bond.

**9.** In *State v. Garvin*, 242 Conn. 296, 699 A.2d 921 (1997), the court rejected a double jeopardy challenge when the defendant had violated the terms of two separate bail bonds by failing to appear for a single sentencing hearing. As in *Albarran* and *Richter*, the court interpreted the applicable statute, which prohibited "willfully fail[ing] to appear when legally called according to the terms of his bail bond or promise to appear," to define the offense as the breach of each individual bond. *Id.* at 305, 699 A.2d at 925–926.

On the other hand, in *Bristow v. State*, 905 P.2d 815 (Okla.Crim.App.1995), a case also involving multiple bail bonds, the court concluded that the unit of prosecution under the statute was the failure to appear because "the two cases were being docketed and treated as one for the purpose of court appearances." *Id.* at 817; *see also People v. Hanna*, 48 Ill. App.3d 6, 10, 5 Ill.Dec. 953, 362 N.E.2d 424, 428 (1977), *cert. denied*, 435 U.S. 997, 98 S.Ct. 1651, 56 L.Ed.2d 87 (1978).

Whoever, having been released ... willfully fails to appear before any court or judicial officer as required shall incur a forfeiture of any security which was given or pledged for his release and, in addition, shall:

(a) If he was released in connection with a charge of felony ... be guilty of a felony of the third degree ....

FLA. STAT. § 843.15 (1981). The court interpreted the statute as stating that "the gravamen of the offense is the failure to appear at the time and place specified, not how many offenses or cases are pending and scheduled for disposition on that particular occasion." 438 So.2d at 131. Because the defendant failed to appear in court on one occasion, the court concluded that he "committed only one statutory offense, and the multiplication of [his] failure to appear on a single occasion into seven separate offenses and sentences violated [his] constitutional right to protection against double jeopardy." *Id.*

We agree with the court in *McGee* that a defendant who is released on a single notice to appear and fails to appear for a single hearing may be convicted of only one count of failure to appear. It is uncontested that appellant signed one "Notice to Return to Court," was released once, and failed to appear at one hearing. He may therefore be convicted of only one violation of the Bail Reform Act.

Appellant's conviction on the first charge of failure to appear is affirmed. On the second charge, however, his conviction is reversed.

*Affirmed in part and reversed in part.*