# ILLINOIS OFFICIAL REPORTS

## Appellate Court

---

### *People v. Costa*, 2013 IL App (1st) 090833

---

| | |
|---|---|
| Appellate Court Caption | THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. JOSEPH COSTA, Defendant-Appellant. |
| District & No. | First District, Fifth Division<br>Docket No. 1-09-0833 |
| Filed | September 27, 2013 |
| Rehearing denied | November 5, 2013 |
| Held<br>(*Note: This syllabus constitutes no part of the opinion of the court but has been prepared by the Reporter of Decisions for the convenience of the reader.*) | Defendant's convictions for two counts of violation of bail bond were reversed and the assessed fines and fees were vacated, since defendant was in custody during the last 3 days of the 30-day surrender period, and pursuant to *Ratliff*, the State could not prove beyond a reasonable doubt that his failure to surrender within the 30-day period was willful. |
| Decision Under Review | Appeal from the Circuit Court of Cook County, Nos. 07-CR-1771, 07-CR-1772, 07-CR-1773, 07-CR-19864; the Hon. William G. Lacy, Judge, presiding. |
| Judgment | Reversed as to indictments numbers 07 CR 1772 and 07 CR 1773 only; enumerated fees and fines vacated. |

| Counsel on Appeal | Michael J. Pelletier, Alan D. Goldberg, and Kristen E. Mueller, all of State Appellate Defender's Office, of Chicago, for appellant. |
| | |
| | Anita M. Alvarez, State's Attorney, of Chicago (Alan J. Spellberg and Carol L. Gaines, Assistant State's Attorneys, of counsel), for the People. |
| | |
| Panel | JUSTICE PALMER delivered the judgment of the court, with opinion. Presiding Justice McBride and Justice Taylor concurred in the judgment and opinion. |

## OPINION

¶ 1    Following a jury trial, defendant Joseph Costa was found guilty and sentenced on two counts of violation of bail bond (720 ILCS 5/32-10(a) (West 2006)). Defendant appeals, arguing that (1) the State failed to prove him guilty beyond a reasonable doubt, (2) the trial court incorrectly instructed the jury and (3) several of the fines and fees assessed by the court were not authorized by statute and should be vacated. We reverse defendant's convictions for violation of bail bond and vacate the court's assessment of the challenged fees and fines.

¶ 2                          BACKGROUND

¶ 3    In May 2006, the State charged defendant with aggravated battery of a peace officer and violation of an order of protection obtained by his then-wife Pamela Tilton. By separate indictment, it charged defendant with two counts of aggravated stalking of Tilton and two additional counts of violation of an order of protection obtained by Tilton. The court consolidated the cases.

¶ 4    Defendant posted $1 million bond and was released. Under the conditions of defendant's bond, he was required to appear in court until a final order issued in the pending cases and could not leave the state without leave of court. If he failed to appear, he could be tried in absentia and charged with bail jumping and he would forfeit his bail.

¶ 5    On November 15, 2006, defendant failed to appear in court for a status hearing. The court issued bond forfeiture warrants.

¶ 6    On December 12, 2006, United States Marshals arrested defendant in Hawaii. He agreed to extradition to Illinois and was brought into court in Cook County on December 22, 2006. The court entered judgment on the bond forfeiture warrants on December 18, 2006.

¶ 7    The State charged defendant in two separate one-count indictments with felony violation of bail bond under section 32-10(a) of the Criminal Code of 1961 (the Code) (720 ILCS

-2-

5/32-10(a) (West 2006)). These indictments are numbered 07 CR 1772 and 07 CR 1773.[1]

¶ 8    Defendant moved to dismiss the section 32-10(a) felony violation of bail bond charges and reinstate his bond. Section 32-10(a) provides in relevant part:

"Whoever, having been admitted to bail for appearance before any court of this State, incurs a forfeiture of the bail and willfully fails to surrender himself within 30 days following the date of such forfeiture, commits, if the bail was given in connection with a charge of felony *** a felony of the next lower Class ***." 720 ILCS 5/32-10(a) (West 2006).

¶ 9    Defendant argued that he had not committed an offense under section 32-10(a) because he had willfully surrendered to the United States Marshals in Hawaii and agreed to extradition to Illinois before the 30-day "tolling period" expired. The State responded that being arrested in another state did not constitute a willful surrender as contemplated by section 32-10(a) and, moreover, the question of whether or not the defendant committed the offense as charged was for the trier of fact to determine. The court denied defendant's motion to dismiss on the basis that he had failed to cite authority supporting the proposition that being arrested within 30 days prevents proceedings under the bail bond statute.

¶ 10    Trial began on September 2, 2008. In relevant part, Detective Sherlock testified that he was a Chicago police detective working with the United States Marshal's fugitive task force. He testified that he received a request from Assistant State's Attorney Nina Ricci to assist in locating defendant. On December 10, 2006, he learned that the investigation had moved to Hawaii.

¶ 11    United States Deputy Marshal Glen Ferreira testified that he worked in the United States Marshal's office in Hawaii. He testified that, on December 12, 2006, he went to an address in Honolulu where he confirmed defendant was staying. When defendant eventually drove up, United States deputies identified themselves and informed defendant that they had a warrant for his arrest. Deputy Ferreira testified that defendant said he knew they were looking for him, cooperated with the deputies and did not resist arrest. The deputies turned defendant over to the Honolulu police department.

¶ 12    Defendant testified that he went to Hawaii because his attorney had given him permission to leave Illinois. He stated he had gone to Hawaii and intended to return to Chicago for his November 15, 2006, court date but did not return for the court date because he was afraid that Tilton's bodyguards were "out of control." Defendant stated that he had understood that he had to come back to Illinois in December to avoid being charged with violation of bail bond and that he had intended to return to Illinois before the 30-day grace period was over.

¶ 13    The parties agreed to submit the following Illinois pattern instructions to the jury:

---

[1]The State also charged defendant with two counts of harassing a witness, two counts of communicating with a witness, one count of aggravated false personation of a peace officer and two counts of violation of an order of protection under indictments numbers 07 CR 1771 and 07 CR 19864. The court joined the four indictments. Only the two felony violation of bail bond counts under indictments numbers 07 CR 1772 and 07 CR 1773 and the fees and fines assessed under indictment number 07 CR 1771 are at issue here.

"A person commits the offense of violation of bail bond when he has been admitted to bail for appearance before a court in this State, and incurs a forfeiture of the bail, and willfully fails to surrender himself within 30 days following the forfeiture of the bail." Illinois Pattern Jury Instructions, Criminal, No. 22.53 (4th ed. 2000).

"To sustain the charge of violation of bail bond, the State must prove the following propositions:

*First Proposition*: That the defendant has been admitted to bail for appearance before a court in this State [in case numbers 06CR-12793 and 06CR-12794]; and

*Second Proposition*: That the bail [in case numbers 06CR-12793 and 06CR-12794] was forfeited; and

*Third Proposition*: That the defendant wilfully failed to surrender himself within 30 days following the forfeiture of the bail.

If you find from your consideration of all the evidence that each one of these propositions has been proved beyond a reasonable doubt, you should find the defendant guilty.

If you find from your consideration of all the evidence that any one of these propositions has not been proved beyond a reasonable doubt, you should find the defendant not guilty." Illinois Pattern Jury Instructions, Criminal, No. 22.54 (4th ed. 2000).

¶ 14 The court denied defendant's request for a jury instruction on the meaning of the section 32-10 phrase "willfully fail to surrender" as established by the Illinois Supreme Court in *People v. Ratliff*, 65 Ill. 2d 314 (1976). It also denied defendant's request for an instruction that the bond statute accrued 30 days after the date of bond forfeiture and, therefore, a "willful failure to surrender" could not be shown if the defendant was apprehended before the statutory period ended and "prior to the expiration of the 30 days, there is no crime."

¶ 15 During jury deliberations, the jury sent out a note asking;

"If the defendant is arrested within 30 days of bail forfeiture, has he 'willfully failed' to surrender himself for purposes of proving a charge of violation of bail bond?

Is impossibility of surrendering yourself a valid defense to the charge of violation of bail bond[?]

What is the spirit of the law? (*i.e.*, If you're arrested before 30 days are up, have you surrendered your right to the remaining days?)"

¶ 16 Both parties initially agreed that the proper response was to tell the jury to continue to deliberate. Over defense counsel's objection, citing *People v. Brautigan*, 79 Ill. App. 3d 595 (1979), the court then sent the jury the following note:

"If the defendant does not appear and surrender to the court having jurisdiction within 30 days from the date of forfeiture or within such period satisfy the court that appearance and surrender by the accused is impossible and without his fault the Court should enter judgment for the State.

A defendant's absence from a criminal proceeding caused by imprisonment in a foreign State is not 'without fault.'

-4-

Please continue to deliberate."

Fifteen minutes after receiving the note, the jury returned a verdict finding defendant guilty on all charges. The court denied defendant's posttrial motion.

¶ 17    On March 6, 2009, the court sentenced defendant to two concurrent three-year terms for violation of bail bond. It assessed defendant a $5 court system fee, $25 court supervision fee, $20 serious traffic violation fee, $200 domestic violence fine and $20 violation of an order of protection fine. Defendant filed a timely notice of appeal on March 17, 2009.

¶ 18                                ANALYSIS

¶ 19                            1. Reasonable Doubt

¶ 20    Defendant argues that his conviction for violation of bail bond pursuant to section 32-10(a) of the Code should be reversed because the State failed to prove beyond a reasonable doubt that defendant willfully failed to surrender himself within 30 days following the date of the forfeiture of bail bond as required for the offense. Section 32-10(a) provides in relevant part:

"Whoever, having been admitted to bail for appearance before any court of this State, incurs a forfeiture of the bail and willfully fails to surrender himself within 30 days following the date of such forfeiture, commits, if the bail was given in connection with a charge of felony *** a felony of the next lower Class ***." 720 ILCS 5/32-10(a) (West 2006).

To sustain a conviction for violation of a bail bond under the statute, the State must prove beyond a reasonable doubt that the defendant (1) forfeited bail and (2) failed to surrender within 30 days after the bail was forfeited, and (3) his failure to surrender was willful. *People v. Albarran*, 40 Ill. App. 3d 344, 346 (1976).

¶ 21    Defendant does not contest that he forfeited his bail bond when he failed to appear in court on November 15, 2006, or that he failed to surrender within 30 days after the bail was forfeited. Instead, he argues that the State failed to prove that his failure to surrender was willful. Citing *People v. Ratliff*, 65 Ill. 2d 314 (1976), defendant contends that his failure to surrender could not be willful because he had been arrested by the United States Marshals and placed into custody on December 12, 2006, 3 days prior to the expiration of the 30-day grace period. We agree that defendant's failure to surrender could not be willful.

¶ 22    "For the purpose of this statute[,] an act is performed willfully when it is performed knowingly." *People v. Lynn*, 89 Ill. App. 3d 712, 714 (1980). An innocent or excusable failure to surrender is not punishable. *Lynn*, 89 Ill. App. 3d at 714. "An inability to be in the court because a defendant is in custody elsewhere is an example of excusable failure." *Lynn*, 89 Ill. App. 3d at 714 (citing *Ratliff*, 65 Ill. 2d at 319-20).

¶ 23    There are few cases in Illinois addressing the question of whether a defendant's failure to surrender within the statutory 30-day surrender period can be deemed willful under section 32-10(a) where the defendant is unable to appear in court within the 30 days because he is incarcerated. However, our supreme court addressed the question in *Ratliff*, holding that "[i]f a person is incarcerated and unable to appear in court, his failure to appear cannot be deemed

'willful' within the meaning of section 32-10." *Ratliff*, 65 Ill. 2d at 319. *Ratliff* remains the only supreme court decision on this issue and is binding on all lower courts. *People v. Artis*, 232 Ill. 2d 156, 164 (2009).

¶ 24    In *Ratliff*, the defendant was originally charged with theft and released on bail. When defendant failed to appear in court, the trial court ordered his bond be forfeited and issued a warrant for his arrest. Defendant failed to surrender within 30 days of the bond forfeiture and the State charged him with violation of bail bond. During a bench trial on this charge, testimony from the defendant and his father established that defendant was unable to appear on his court date because he was incarcerated for another offense at the time. *Ratliff*, 65 Ill. 2d at 316. During the 30-day surrender period, the defendant had been incarcerated, then free for 9 days and then incarcerated again. The defendant testified that he had spoken to a legal aid attorney about his pending court date. He stated the attorney had told him that she would have the case continued and would let him know the date of his next court appearance but she had failed to do so. *Ratliff*, 65 Ill. 2d at 316-17. The trial court found the defendant guilty of violation of bail bond. The appellate court reversed, finding the State failed to prove defendant guilty beyond a reasonable doubt of willfully failing to appear in court when required to do so. *Ratliff*, 65 Ill. 2d at 317.

¶ 25    Our supreme court affirmed, agreeing that the defendant was not proved guilty beyond a reasonable doubt. *Ratliff*, 65 Ill. 2d at 320. The court found that the testimony of defendant and his father tended to establish that the defendant's failure to appear was not willful. *Ratliff*, 65 Ill. 2d at 319. It held that, "[i]f a person is incarcerated and unable to appear in court, his failure to appear cannot be deemed 'willful' within the meaning of section 32-10." *Ratliff*, 65 Ill. 2d at 319. The court found that the fact that the defendant had been free for 9 days during the 30-day surrender period did not indicate that he would not have surrendered himself to the court within the requisite 30 days. *Ratliff*, 65 Ill. 2d at 320.

¶ 26    We are bound by our supreme court's decision in *Ratliff*. However, other jurisdictions' decisions regarding the effect of incarceration on the 30-day surrender period in a bail jumping statute, although not binding, are instructive. For example, in *People v. Bayless*, 390 N.Y.S.2d 983 (N.Y. Co. Ct. 1977), the court held that "bail jumping is inchoate until the expiration of [30] days" and "the crime of bail jumping is not complete until thirty days have expired after failure to appear, a fortiori one cannot be guilty of bail jumping when that [30-day] period is aborted by an arrest on such a charge." *Bayless*, 390 N.Y.S.2d at 986-87.

¶ 27    Similarly, in *People v. Shurn*, 418 N.Y.S.2d 442 (N.Y. App. Div. 1979), *aff'd*, 409 N.E.2d 923 (N.Y. 1980), the court held that the crime of bail jumping is not complete until 30 days have expired after a defendant's failure to appear and, because the *Shurn* defendant was arrested prior to the expiration of the 30-day grace period, the indictment against him should be dismissed. *Shurn*, 418 N.Y.S.2d at 443.

¶ 28    In the same vein, the court in *Harcum v. State*, 710 A.2d 358 (Md. Ct. Spec. App. 1998), held that "when there is a recapture or a surrender within the thirty-day period, there cannot be a willful failure to surrender within thirty days since what is prohibited under the statute, i.e., willful failure to surrender oneself, must occur after the thirty days have elapsed." *Harcum*, 710 A.2d at 362. "[T]he only logical reading of the statute is that a determination

whether the appellant has willfully failed to surrender himself is premised on his remaining at large after the thirty-day grace period has elapsed." *Harcum*, 710 A.2d at 362.

¶ 29 Following *Ratliff*, we find defendant's failure to surrender within the statutory 30 days, by December 15, 2006, cannot be deemed willful. As was the defendant in *Ratliff*, defendant here was in custody at the expiration of the 30-day surrender period. He had been arrested in Hawaii on December 12, 2006, the twenty-seventh day of the surrender period. He remained in the custody of the Honolulu police department until after December 15, 2006, the thirtieth day of the surrender period. Defendant's incarceration meant that he was unable to surrender during the last 3 days of the 30-day surrender period. Consequently, pursuant to *Ratliff*, his failure to surrender during the statutory period cannot be deemed willful. *Ratliff*, 65 Ill. 2d at 319-20.

¶ 30 The State argues that defendant should not be able to argue that his arrest 3 days before the 30-day time period expired precludes his conviction for violating bail bond because it "effectively turns the statute into both a shield for defendant to hide behind, and a sword for defendant to use as a weapon to excuse his flagrantly willful misconduct." It asserts that, as a fugitive, defendant should not be rewarded under the law for violating the conditions of his bail bond by being in Hawaii, with no intention of returning to Illinois, when he is arrested and returned to Illinois more than 30 days after his bond forfeiture.

¶ 31 This argument ignores the simple fact that it is the State's burden to prove each element of the offense, including in this case, defendant's willful failure to surrender, beyond a reasonable doubt. Whether, at the time of his arrest, defendant intended to surrender during the 30 days is immaterial. The fact remains that he was in custody of the Honolulu police department for the last 3 days of the 30-day surrender period and was, therefore, unable to surrender during that 3-day period. To paraphrase our supreme court in *Ratliff*, the fact that defendant was free for 27 days of the 30-day surrender period does not indicate that he would not have surrendered himself to the court within the remaining 3 days. *Ratliff*, 65 Ill. 2d at 320 (the fact that the defendant was free for 9 of the 30 days did not indicate that he would not have surrendered himself to the court within the 30 days). Defendant testified that he had intended to surrender within the 30-day period. Further, even if, on the twenty-seventh day of the surrender period, defendant had not intended to timely surrender, his arrest and incarceration three days before the expiration of the surrender period denied him the opportunity to change his mind.

¶ 32 The State cites to *People v. Albarran*, 40 Ill. App. 3d 344 (1976), in which the court held that the defendant's failure to surrender himself was willful where he failed to appear in court, failed to come to the court the following day and did not make any further inquiries into his case. *Albarran*, 40 Ill. App. 3d at 347. *Albarran* is distinguishable. In *Albarran*, the defendant was free and " 'out in the streets' " for the entire 30-day surrender period and well able to surrender. *Albarran*, 40 Ill. App. 3d at 345. Here, in contrast, defendant was neither free nor "in the streets" for the entire period. Instead, defendant was in the custody of the Honolulu police department for the last 3 days of the surrender period and, therefore, unable to willfully surrender during that 30-day period.

¶ 33 We are bound by our supreme court's decision in *Ratliff*. Accordingly, since defendant

was arrested within the 30-day statutory period and incarcerated when the 30-day period expired, the State cannot and did not prove beyond a reasonable doubt that his failure to surrender within the 30 days was willful. Therefore, we reverse defendant's two convictions for violation of bail bond under section 32-10(a).

¶ 34                                    2. Jury Instructions

¶ 35     Defendant argues that the court erred in (a) denying his request for supplemental jury instructions based on *Ratliff* and (b) responding to the jury's note with an instruction that "[a] defendant's absence from a criminal proceeding caused by imprisonment in a foreign state is not 'without fault,' " a statement contrary to the *Ratliff* holding. Given our determination that defendant's convictions for violation of bail bond should be reversed, we need not address his arguments regarding the jury instructions.

¶ 36                                    3. Fines and Fees

¶ 37     Following defendant's convictions on all charges, the court imposed various fees and fines under indictment number 07 CR 1771, including the following:

   - $5 court system fee under section 5-1101 of the Counties Code (55 ILCS 5/5-1101(a) (West 2010)) (imposed for a violation of the Illinois Vehicle Code);

   - $25 court supervision fee under section 16-104c of the Illinois Vehicle Code (625 ILCS 5/16-104c (West 2010)) (imposed upon receipt of a disposition of court supervision);

   - $20 serious traffic violation fee under section 16-104d of the Illinois Vehicle Code (625 ILCS 5/16-104d (West 2010)) (imposed for a violation of the Illinois Vehicle Code);

   - $200 domestic violence fine under section 5-9-1.5 of the Unified Code of Corrections (730 ILCS 5/5-9-1.5 (West 2010)) (imposed for a violation of any of a myriad of enumerated offenses where the offender and victim are family or household members); and

   - $20 violation of an order of protection fine under section 5-9-1.11(a) of the Unified Code of Corrections (735 ILCS 5/5-9-1.11(a) (West 2010)) (imposed for a violation of an order of protection where the offender and victim are family or household members).

¶ 38     Defendant argues that the court erred in imposing the fees because he neither violated the Vehicle Code nor received a disposition of court supervision. He also argues the court erred in imposing the fines because he was not convicted of the predicate offenses. The State agrees that the enumerated fees and fines should not have been imposed. The record bears this out. Accordingly, we vacate the $5 court system fee, the $25 court supervision fee, the $20 serious traffic violation fee, the $200 domestic violence fine and the $20 violation of an order of protection fine.

¶ 39                              CONCLUSION

¶ 40     For the reasons stated above, we reverse defendant's convictions and sentence for violation of bail bond under indictments numbers 07 CR 1772 and 07 CR 1773 only. We also vacate the following fees and fines imposed on indictment number 07 CR 1771: $5 court system fee, $25 court supervision fee, $20 serious traffic violation fee, $200 domestic violence fine and $20 violation of an order of protection fine.

¶ 41     Reversed as to indictments numbers 07 CR 1772 and 07 CR 1773 only; enumerated fees and fines vacated.